In the Matter of the Estate of MAURICE MURRAY, Deceased.*

Surrogate's Court, Richmond County, February 19, 1932.

*Frederick W. Clifford*, for James C. Crane, public administrator.

*William L. Richman*, special guardian for unknown heirs.

SMITH, S. As shown by the account, the total assets of the estate amounted to the sum of $1,387.63, and consisted of money in possession of the deceased, at the time of his death, viz., $138.62; amount on deposit in the Second National Bank, New Haven, Conn.; $1,239.64: for wages due decedent at the time of his death, $6.45, and from sale of old radio, etc., $2.92.

* Affd., 241 App. Div. 761.

There has been paid from said assets the sum of $155.50 for funeral expenses and $291.01 for legal expenses, and the attorney for the public administrator requests, according to the report of the special guardian in this proceeding, $100 additional for services in the matter of the accounting.

The petition for administration and the petition for the accounting show that the petitioner was unable to ascertain the names of the next of kin of the decedent, but the special guardian calls attention to the fact that the decedent left money in a savings bank, and at the time of his death was employed as a captain on a barge, owned and operated by a reputable and responsible concern, and that the public administrator should exercise greater efforts to locate the possible next of kin of decedents. The special guardian also calls attention to the fact that the charges for services by the attorney for the public administrator were excessive, and in some instances the services needless. I agree with the special guardian that an estate of less than $1,400 should not be assessed nearly thirty per cent for legal services.

All that the attorney for the administrator was required to do in the way of performing legal services was to prepare a petition and a designation of the clerk to receive process. The charges for such service would be amply compensated by a charge of $31.01. The charge of $100 for a transfer tax proceeding was not warranted, as estates of less than $5,000 are exempt from estate tax by section 249-n of article 10-C of the Tax Law, and the charge of $150 for preparation of petition, account and citation and services in relation thereto is unauthorized, as the compensation for costs and counsel fees are to be fixed by the surrogate (Surr. Ct. Act, §§ 278, 279), and the services rendered are not of a value in excess of $100.

The public administrator has certain duties to perform in the matter of decedents' estates which should not be delegated to attorneys, and he should not be allowed moneys to pay his counsel for doing what he should have done. (*Matter of Quinn*, 16 Misc. 651.)

I direct that the public administrator be surcharged with the sum of ten dollars, the overcharge for preparation of the short petition and designation of the clerk to receive process; and that he also be surcharged with the sum of one hundred dollars paid to his attorney for conducting an unnecessary proceeding to exempt the estate from estate tax, and with the sum of fifty dollars, an overcharge for services in the matter of the accounting, as I find that the balance of the amount of said charge, namely, one hundred dollars, was ample pay for filling in the form of an account with five items and four charges, three of which were for attorneys'

services, and for preparing the petition, citation and order of publication and the decree in the matter, which would cover an allowance of twenty-five dollars for costs and seventy-five dollars for three days' work in preparation of the papers.

Prepare decree accordingly. Allowance for special guardian will be inserted in the decree.