In the Matter of the Estate of THOMAS F. SMITH, Deceased.

Surrogate's Court, Kings County, January 4, 1935.

*Wilber, Norman & Mosher*, for the executors.

*Scheilke & Aliano*, for Rose L. McHugh.

WINGATE, S. The present controversy is a striking example of much ado about nothing. The present decedent died on April 25, 1932, as the result of an accident. He left a will in which he named a brother and sister residing in Chillicothe, Mo., as executor and executrix. The total gross estate aggregated $1,395.13. Another sister, Rose L. McHugh, was named as a legatee. The decedent resided with his sister in Brooklyn at the time of his death. According to her affidavit, the will of the decedent was among his effects at her house. According to the affidavit of the executors, it is deducible that it was in the custody of one of the executors in Chillicothe. The earnest contentions of the accountants' counsel to the contrary notwithstanding, the point is wholly immaterial.

In any event, Mrs. McHugh employed a local attorney to probate the will in or about June, 1932, and this was finally accomplished by him after rather more than usual effort, owing to the necessity of taking the depositions of the subscribing witnesses by commission.

In the meantime the executors had employed local counsel in Chillicothe who, in turn, had employed counsel here. The latter

unsuccessfully attempted to induce the attorney employed by Mrs. McHugh to relinquish the probate proceeding which he had instituted.

After the probate of the will, the named executors qualified. They did not account until after the institution of a compulsory proceeding brought for that purpose, and refused to pay the attorney who probated the will for the services rendered by him in that connection. He has filed objections to the account on that ground, and Mrs. McHugh has objected to the sum set forth in the account as the remuneration paid by the executors to their attorneys. This sum amounted to $350, which they apparently split on the usual two-thirds and one-third basis with the Chillicothe attorney who forwarded the case to them.

Two ultimate questions are presented for determination, *first*, as to the reasonable sum which may be allowed for attorneys' fees in an estate of this size, and *second*, the right of the attorney who probated the will to share in the total reasonable sum allowable for this purpose.

The second question involves the further question of the asserted priority of right of executors named in a will over a statutory distributee and legatee, to institute a proceeding for probate.

The entire basis of the refusal of the executors to pay the propounding attorney for his services, and indeed the whole apparent cause of the present controversy, lies in the wholly erroneous belief that any single interested party possesses a prior right to propound a will. The law is to the contrary. (*Matter of Meiselman*, 138 Misc. 104; *Matter of Bogstrand*, 149 id. 356; *Matter of Seppala*, Id. 479.) Under section 139 of the Surrogate's Court Act, any person interested may propound a will, no priority being prescribed in this regard. The right to propound inevitably carries with it the right to incur, on behalf of the estate, the reasonable expenses necessary for that purpose. The expenses having been valididly incurred, must be paid from the assets of the estate.

Under all the circumstances here disclosed the court deems $100 a fair compensation for this service and the executors will be directed to pay this sum from the assets of the estate, plus $39.82 disbursements incurred, to the attorney who probated the will.

The voluminous recital of labor performed by the attorneys for the executors clearly demonstrates that even in an estate of this insignificant size, the amount of remuneration sought by them is exceedingly reasonable. The difficulty with the recital, however, is that it demonstrates that a considerable portion of their time was devoted to the attention to matters which should have been

performed by the executors themselves and for which their commissions are the sole allowable recompense. Where persons possessing neither the ability, by reason of place of residence, nor, apparently, the inclination, to perform the duties of testamentary fiduciary, insist on qualifying in such a capacity, they cannot be permitted to employ some one else to remedy their neglect and then saddle the expense thereof on the estates of which they are merely the nominal administrators.

Eliminating these acts performed by the attorneys from the tabulation of services, it is apparent that the remainder are not compensable at a sum in excess of $250 plus disbursements. The accounts of the executors will, accordingly, be surcharged in the sum of $100 by reason of the overpayment.

The court wishes it to be distinctly understood, however, that it does not in any way intimate that the attorneys have not fully earned the additional sum actually paid to them; on the contrary, it deems the reasonable value of the executorial services performed by them to be in excess of this sum. It merely determines that this is not a proper charge against the estate, but is the personal obligation of the executors themselves.

No costs or allowances will be awarded other than as hereinbefore specified.

Enter decree on notice.