## In the Matter of the Estate of JACOB NEBENZAHL, Deceased.

Surrogate's Court, New York County, February 11, 1937.

*I. Reines Skier*, for the executor.

*Henry A. Thellusson*, special guardian for an infant.

DELEHANTY, S. The sole question presented on this accounting proceeding is whether the corporate executor, which has already paid its attorney a sum of $4,000, is entitled to a credit in that amount in its account. The estate had a capital value of $60,000, comprised about half of cash deposits in banks and the balance in stocks and bonds. The assets required no special service outside the competency of the corporate executor itself. The claims against the estate were nominal. Two of them were adjusted at savings of a few hundred dollars. The estate administration involved the uncontested probate of the will of deceased. All but one of the distributees of deceased signed waivers prior to or simultaneously with the filing of the petition for probate. The distributee who had not so signed appeared by an attorney and obtained extensions of time in the probate proceedings for something over a month. Eventually no objections were filed. Some conferences were had

between the attorneys so appearing for a distributee and the attorney for the executor, and it may be supposed that those conferences had a substantial bearing on the determination of the distributee not to contest. It is difficult to suppose that there could have been any reasonable likelihood of success in a contest since the will was drafted by the attorney who represented the executor and its execution was supervised by the attorney in his own office. The distributee who did not assent to the probate was no better situated than was another distributee who was disinherited and who is the wife of the law partner of the attorney for the estate. The estate administration involved the payment of some cash legacies and the conduct of the usual estate tax proceedings. It also involved the preparation of the account and attendance upon the accounting proceeding now before the court.

The executor received from its attorney bills which specified no detail of the service rendered. The last one contained only the statement that it covered " professional services rendered for the estates of Jacob Nebenzahl, deceased, and Jennie Bernstein, deceased." Consideration has been given to the services rendered in the estate of Jennie Bernstein because the assets of that estate went into the estate here accounted for, and the services rendered in that estate were reasonably chargeable as rendered in this estate. The Bernstein estate was of nominal value, and its administration was entirely simple.

The trust officer of the corporate executor testified that it was fully aware of the standard of compensation generally applied in this court in fixing the compensation of attorneys in estates offering no problems in administration, and conceded that the payment made to counsel was double the amount normally allowed in such estates. Nothing is offered to warrant departure from that standard here except the threat of contest in the probate and the outside service rendered in the Bernstein estate.

At the outset there was some question raised by counsel for the executor respecting the person who had the burden of proof in this controversy, which is raised by an objection of an infant beneficiary of the residuary trust whose special guardian in his report challenged the expenditure as excessive. Counsel for the executor took the position that the burden was on the special guardian to prove the excessive character of the charge. The court held the contrary. The ruling is supported by authority. Under former practice the executor had to pay attorney's charges out of his own funds and then come in and ask to be reimbursed out of the estate. In modern practice it is recognized that he may properly pay in

the first instance out of the estate funds and then ask confirmation. The change in practice has not changed the essential nature of the transaction. The rule contended for by counsel for the executor would put an unwarranted burden upon persons beneficially interested. Substantially the whole body of knowledge as to the services rendered is in the possession of the executor and the counsel employed. When challenge is made by an interested party the facts must be developed by the fiduciary who made the expenditure. (*St. John v. McKee*, 2 Dem. 236; *Matter of Harnett*, 15 N. Y. St. Repr. 725; *Matter of Scher*, 147 Misc. 791; *Matter of Brodbeck*, 123 id. 743, and cases there cited; *Matter of Lesier*, 172 App. Div. 509, 520; *Matter of Spooner*, 86 Hun, 9; *Matter of Ellis*, 176 App. Div. 425; *Matter of Owen*, 144 Misc. 688.) In effect the statute now establishes the same rule since it provides that on application of any party in interest any overpayment to the attorney may be recovered. (Surr. Ct. Act, § 231-a.)

It is settled law that a fiduciary may not make a bargain with an attorney and bind infants or non-assenting adult beneficiaries. He may, of course, bind his own interests in the estate, but his bargain goes no further. (*Matter of Gilman*, 251 N. Y. 265; *Matter of Reisfeld*, 227 id. 137; *Matter of Meng*, Id. 264; *Matter of Young*, 156 Misc. 795.)

While the court considers the point immaterial, it may be appropriate to notice the fact that the executor may not here rely upon the fact of payment, since no vouchers were filed, and since in particular the vouchers here disclose nothing about the services rendered. Even if such vouchers had been filed and even if they had disclosed the extent of the attorney's services, it still would have been the obligation of the fiduciary, when challenged, to produce proof of the extent of the services so as to enable the court to determine whether the payment made was allowable. Everything that was done here has been spread fully on the record in any event. The court accepts as established all that the attorney asserts as to his work.

The matter of the proper allowance for the attorney's services in an estate administration is peculiarly within the discretion of the surrogate after the relevant facts are known. In *Bramble v. Hunt* (68 Hun, 204) the rule is stated: " Nor is this court, confined in its judgment to a statement in figures, of the value of professional services rendered by a lawyer. Being matters peculiarly within the knowledge of courts, when the facts are disclosed, a mere opinion of a witness, though entitled often to much respect, is not by any means controlling." When the court has been advised

of the extent of the services of the attorney, of the value of the subject-matter in respect of which the services were rendered, of the standing and professional experience of the attorney and of the results achieved, there is present the basis for determination of what is reasonable. In reaching a conclusion, the court is not bound by the opinion of an expert witness. The testimony of experts is advisory only. (*Tubiola* v. *Baker*, 225 App. Div. 420; *Matter of Ellis, supra; Matter of Scher, supra.*)

The court has examined with great care the affidavit of services filed as a statement of the work of the attorney for the executor. The affidavit is bulky. More than half of its text is devoted to a recital of the contents of mere letters or of documents. All of that could have been omitted with no lack of clarity in the statement and with no danger that the court might misapprehend the area of and the importance of the services. As requested, the court has examined the probate file and, of course, has examined the account itself. The court has likewise examined the files in the estate of Jennie Bernstein. A normal fee for the normal administration of an estate of this size would not exceed $1,800. Taking into account every element that could reasonably be considered by the court in connection with the services of the attorney for the executor, there is found no justification for an expenditure in excess of $2,500, and the claim of credit advanced by the executor is disallowed to the extent of the $1,500 excess paid. In fixing the sum here allowed the court has taken into account all that was testified to respecting the services of the attorney in connection with the probate, all the services of the attorney in relation to the estate of Bernstein, and all the services disclosed by the files and by the affidavit of services and by the oral testimony of the attorney. The court has considered the expert testimony as well.

Submit, on notice, decree sustaining the objection of the special guardian to the extent of $1,500 and otherwise approving and settling the account as filed.