L. B. Rogers, Individually and as Trustee Under the Last Will and Testament of Jessie Powers Holmes, Deceased, Appellee, v. Jessie Powers Belt et al., Appellants.

Gen. No. 9,809.

Opinion filed December 22, 1942.

EVA L. MINOR, of Kankakee, for appellants.

JOHN A. MAYHEW, of Kankakee, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee was executor of the estate of Jessie Holmes, by virtue of her will. By the sixth clause of the will, it was provided that said executor convert the real estate into cash, and the net proceeds there-

from be held in trust by him, for the testatrix's niece, Caroline Singer, and nephew, Robert Belt, until such time as they should become 18 years of age.

It appears the estate in the county court was closed, on December 26, 1941. At that time, appellee as executor of said estate, paid to himself as trustee, the sum of $11,317.30. On December 29, 1941, appellee trustee filed his petition in the circuit court, asking for direction as to the investment of said fund, and for the allowance of trustee's fee and attorney's fee. No notice was given with respect to this petition, and no evidence was heard with respect to the allowance of the above fees. On the petition as filed, the court, on said 29th day of December, designated certain banks as depositories in which the trustee was directed to deposit the fund, and granted to appellee a trustee's fee of $250, and an attorney's fee for a like amount.

Appellants, the two minors for whom the trust was created, upon becoming apprised of the action of the court in granting trustee and attorney fees, filed their motion to vacate such order, insisting that they were entitled to notice so that they might have opportunity to oppose the granting of such allowances, and urging further, that no guardian *ad litem* was appointed to represent them prior to such order. This motion was denied, and the two *cestuis* bring this appeal.

Prior to the Act of 1891 (Laws of 1891, p. 216), ch. 148, Ill. Stat., sec. 31, which provides for compensation of testamentary trustees, such persons were not entitled to compensation for their services in the absence of a provision in the will authorizing same. *Arnold v. Alden*, 173 Ill. 229. The above section of the statute provides, that the court having jurisdiction of the trust estate, may allow a reasonable fee to such trustee, under the conditions therein set out. Many States have similar provisions and it is generally considered that the amount of such compensation rests in the discretion of the court having jurisdiction. Various factors enter into the matter which are considered

helpful in enabling the court to reach a conclusion as to the proper amount of compensation which should be granted a trustee in a given case. In a general way, it might be said that the amount of capital and income received and disbursed by the trustee; the usual and customary fees for such services in that particular jurisdiction; the success or failure of the trustee in the administration of the trust; any unusual skill or experience which he had to bring to bear; his fidelity or disloyalty; and the character of the work done in the course of administration, together with the conduct of the estate, are all elements proper for a court to take into consideration in awarding compensation to a trustee. This naturally presupposes that the award is sought for services already performed, and not in anticipation of services.

In the absence of a controlling statute, compensation may be awarded by the court during the trust administration, but since such fees are to be determined by the nature and character of the services performed, the conduct of the trustee, and many other elements that enter into such transactions, it might be considered as a universal rule that such compensation is awarded for work that has been done to that date. If the same be based upon an intermediate report, it will be determined upon the work done since the date of the last prior payment, and if upon final accounting, it will be allowed for the work done either since the beginning of the trust or since the date of the last prior payment, as the case may be. The intent of the law is that the trustee, in some manner, make a showing of the performance of his acts with sufficient detailed proof in connection therewith, so that the court can determine what is a fair and proper amount of compensation to be granted. This principle is observed in the case of *Nonnast v. Northern Trust Co.*, 374 Ill. 248, 270.

Here the estate in the county court had been closed. Appellee and his attorney had received their compensation allowed in that court. The petition and order granting trustee and attorney fees was on the third day following the final settlement of the estate in the county court.

It is our opinion, the appellee should make adequate proof of the nature and value of the services rendered as trustee, and that the *cestuis* should have the right to be heard in connection therewith.

The order and decree of the circuit court is reversed and cause remanded.

*Reversed and remanded.*