## (May 7, 1964)

■ In the Matter of the Accounting of Howard Phipps and Others, as Trustees of the Trust Created by Helen Martin. Esmond B. Martin et al., Appellants; Howard Phipps et al., Respondents.— Order and decree confirming Referee's report unanimously modified on the facts, and as a matter of discretion to reduce the Referee's fee to $75,000; to reduce the fee of the special guardian to $100,000; and, as so modified, affirmed, with costs of this appeal to the successor guardian only based upon a 50-page brief payable out of the estate. We find no error prejudicial to the appellant in the order of Special Term confirming the report of the Referee. No discussion of the questions raised is in order except as to the respects in which the order is being modified.

While the complex of trusts which formed the background of the controversy involved very large amounts, the particular trust in question was of more moderate dimensions. Even so, the size of the estates cannot increase the value of the services. If the size of the estate is limited, compensation to a Referee or guardian may be less than what the services would otherwise command. A sizable estate permits adequate compensation but nothing beyond that. On this basis we find that the time spent by the Referee in hearings, consideration and reporting would be adequately compensated at $75,000. The special guardian was obliged by causes beyond his control to relinquish representation of his wards before the proceedings were completed. While these services were spread over seven years, there is no claim that they occupied all, or even a substantial part of, the guardian's time. Exactly what time was involved does not appear in the affidavit of services. We believe that $100,000 would provide adequate compensation for such time as would necessarily be consumed. This amount would include disbursements. Included in the latter is an item for the fees of an accountant. The guardian tells us that his accountant has asked for a fee of $35,000. While the amount of the fee is a matter between the guardian and his accountant, we do not, by including disbursements in the guardian's fee, mean to indicate that we approve of the accountant's demand. The detailed accounts which were available to the accountant and which obviated any necessity of laborious investigation limited the latter's work to correlation and advice from the conclusions reached. It is our opinion that a substantially reduced fee would be in order. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.