OPINION OF THE COURT
Evans V. Brewster, S.
This is a proceeding for the judicial settlement of final accounts of Morgan Guaranty Trust Company of New York and first intermediate accounts of Henry C. McDonald as trustees of trusts created under article eighth, eighth A and eighth B under decedent’s will for the benefit of Anna C. McDonald, Eleanor A. McDonald and Henry C. McDonald, respectively.
W. Stewart McDonald, the decedent, died on March 9, 1967 *578 leaving a will and codicil which was admitted to probate on March 20, 1967. In article eighth, a residuary trust was created for the benefit of his wife Anna C. McDonald. Upon her death the trust corpus was to be divided into three equal shares. One share to be held in further trust for Eleanor A. McDonald, decedent’s daughter, one share to be held in further trust for Henry C. McDonald and the third share was given outright to James S. McDonald, decedent’s son.
The petitioners herein, Morgan Guaranty Trust Company of New York and Henry C. McDonald, were named as trustees in article fourteenth of the will and letters of trusteeship were issued to them on August 22, 1969.
Upon the death of Anna C. McDonald on March 20, 1986 the trusts created in article eighth A and B were established.
Thereafter by petition filed November 5, 1986 the trustees sought a decree permitting the resignation of the corporate trustee and the appointment of successor trustees for the continuing trusts. The primary reason for the resignation of the corporate trustee was its corporate reasonable compensation fee schedule which includes a minimum annual fee of $10,000 and an additional $2,500 annually for serving with a cotrustee. The corporate trustee schedule was to be used to determine the "reasonable compensation” of the corporate trustee. As stated in the petition, "Petitioners both feel this is too heavy a burden for these trustees, and Morgan Guaranty Trust Company of New York has therefore itself proposed to resign.”
By decree of January 8, 1987, the petition was granted. The corporate trustee was permitted to resign and was directed to file final accounts for its acts and proceedings as trustee of the trusts created in article eighth, eighth A and eighth B.
No objections have been filed to the settlement of the accounts. The only issue to be determined is the statutory commissions to which the corporate trustee is entitled from each trust. Commissions have been computed and set forth in the accountings in accordance with the corporate "reasonable compensation” fee schedule. The petition to settle the accounts of the trustees prays for the allowance of commissions to which the corporate trustee is entitled.
The law regulating commissions of corporate trustees was substantially altered by the legislative enactment of Laws of 1984 (ch 936) which created SCPA 2312. The existing statutory commissions schedule for corporate trustees of trusts *579 with principal value in excess of $400,000 was abandoned as a method of computing commissions. Thereafter, corporate trustees for such trusts shall receive "such commissions as may be reasonable”. (SCPA 2312 [2].) However, the statute does not contain a definition of reasonable compensation. The Legislature also increased the annual fee of a corporate fiduciary, added SCPA 2114 to provide for the review of the reasonableness of the compensation and amended EPTL 11-2.2 to impose a higher standard of investment skill upon corporate fiduciaries. (SCPA 2312, 2311; EPTL 11-2.2; L 1984, ch 936.) The statute became effective on August 6, 1984 and it applies to trusts in existence on the effective date. The reasonable compensation is not applied retroactively and does not become effective until the end of the then current trust year after the effective date. Until the end of the trust year, commissions must be computed pursuant to SCPA 2308 and 2309.
In the absence of a statutory definition of "reasonable”, reasonableness must be determined by the courts. While factors to be considered as guidelines in determining the reasonableness of attorneys’ fees have been established by the courts (Matter of Freeman, 34 NY2d 1; Matter of Potts, 123 Misc 346, affd 213 App Div 59), no cases were found in New York which established guidelines or factors for determining commissions "as may be reasonable”. The court decisions in other States which have "reasonable compensation” of trustees laws are informative.
"The legislative memorandum indicates an intent that a variety of factors be considered in determining reasonable compensation. These include the size of the trust, the responsibilities of the trustee, the character of the work required to be performed, and special problems met in doing the work, the conduct of the trustee, the knowledge, skill and judgment required of and used by the trustee, the manner and efficiency in which the trust has been administered, and the time and service required.” (Milch, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 2312, 1988 Pocket Part, at 104.)
In adopting Laws of 1984 (ch 936), the Legislature followed the path of California, Pennsylvania, Florida and many other States which enacted similar statutes providing compensation to trustees, reasonable for the services performed. Clearly, a trustee is entitled to and should receive fair and just compensation for the services performed. (In re Ischy Trust, 490 Pa *580 71, 415 A2d 37; In re Dunlap’s Estate, 38 Ariz 525, 2 P2d 1045.)
Uniformly, in other jurisdictions, which have a reasonable compensation standard for determining trustees’ compensation, courts have established factors to be considered when determining reasonable compensation of trustees. In general, it can be said that a trustee’s compensation depends upon the extent and character of the labor and responsibility involved during the trustee’s administration of the trust (In re Strickler’s Estate, 354 Pa 276, 47 A2d 134) and must be reasonable in relation to the circumstances and the services actually rendered. (Hayward v Plant, 98 Conn 374, 119 A 341; In re Ischy Trust, supra; Rogers v Belt, 317 Ill App 81, 45 NE2d 511.) Before reasonable compensation for fiduciary services performed is determined, the trustee must establish to the satisfaction of the court a responsibility incurred and services actually performed in the execution of his fiduciary trust. (In re Harrison’s Estate, 207 Penn 207, 66 A 354.) In New York as in Illinois, the law is construed to require that "the trustee, in some manner, make a showing of the performance of his acts with sufficient detailed proof in connection therewith, so that the court can determine what is a fair and proper amount of compensation to be granted.” (Rogers v Belt, 317 Ill App, supra, at 84, 45 NE2d, supra, at 512.)
Although courts in jurisdictions which have a reasonable compensation standard for determining the compensation of a trustee apply varying factors, there is a consistency in applying only those factors which exist in a particular case. The courts in general consider (1) the size of the trust, (2) the responsibility involved, (3) the character of the work involved (In re Harrison’s Estate, supra; In re Scott’s Estate, 418 Pa 332, 211 A2d 429), (4) the results achieved, (5) the knowledge, skill and judgment required and used, (6) the time and services required, (7) the manner and promptness in performing its duties and responsibilities (Hayward v Plant, supra), (8) any unusual skill or experience of the trustee, (9) the fidelity or disloyalty of the trustee, (10) the amount of risk, (11) the custom in the community for allowances to trustees, and (12) any estimate of the trustee of the value of his services (West Coast Hosp. Assn. v Florida Natl. Bank, 100 So 2d 807 [Fla]; In re McLaughlin’s Estate, 43 Cal 2d 462, 274 P2d 868). All of these factors are relevant to the determination of reasonable commissions in New York.
While the trustee’s evaluation of the value of the services *581 rendered and the customary allowances to a trustee in the community have been accepted by the courts as an aid in determining what is reasonable compensation, the proof is limited to that purpose. (In re Dunlap’s Estate, supra.) The weight to be given to any factor and what is reasonable compensation rests in the discretion of the court in its consideration of the facts and circumstances of each trust and the performance of a trustee of a particular trust. The test of what is reasonable compensation requires a determination of the circumstances of the case and services actually rendered. (Parker v Hill, 185 Mass 14, 69 NE 336.) The commission schedules adopted by corporate fiduciaries are not binding on the court and have the least value of all the factors above enumerated but may be considered by the court.
The trustee’s accounts of proceedings contain computations of corporate trustee commissions received after August 6, 1984, computed by use of the reasonable compensation fee schedule of Morgan Guaranty Trust Company of New York. The reasonable compensation schedule in 1984 applied to market value if the trust principal was:
"1% on first $1,000,000.
".75% on next $1,000,000.
".40% on next $3,000,000.
".30% on all over $5,000,000
"20% discount on above rates if the trust is fully invested in common trust funds.
"$2,500 additional annual fee where Morgan acts with one or more co-trustees and assets are individually invested.”
A new reasonable compensation fee schedule became effective on April 1, 1987. The rates and mínimums follow:
"1.25% on first $1,000,000
"1.00% on next $1,000,000
".80% on next $6,000,000
".35% on all over $10,000,000”.
"The only change in minimum annual fee was an increase to $5,000 minimum annual fee for accounts fully invested in Morgan’s common trust funds (increased from $4,000)”.
"[I]f the will or lifetime trust instrument does not make provisions for specific rates or amounts of commissions, or, contains only a general reference to commissions allowed by law of words of like import, a corporate trustee shall be entitled to such commission as may be reasonable” (SCPA *582 2312 [2]). The only reference to commissions in decedent’s will is a general reference that Morgan Guaranty Trust Company of New York "shall be entitled to compensation at the rates and in the manner allowed from time to time to a sole trustee.” Therefore, the compensation of the corporate trustee may be determined in an amount as may be reasonable.
A lengthy affidavit of a senior vice-president of the corporate trustee was submitted in support of the allowance of commissions computed by application of the reasonable compensation fee schedule of the corporate trustee.
Absent from the affidavit is specific information about the management of decedent’s trusts, the character of the work involved, the size of the trust, the responsibilities involved, the results achieved, the knowledge, skill and judgment required and used, the time and services required, the amount of risk, the manner and promptness of the performance of the trustee’s duties and responsibilities, unusual or complex decisions required, special skills or experience of the trustee which were utilized, the experience, skills and knowledge of persons assigned to these trusts and other relevant information about the actions of the trustees and the administration of the trusts.
The corporate senior vice-president emphasized the reasons for the adoption of the reasonable compensation fee schedule, the acceptance of the fee schedule by the public, the impact of inflation upon the profitability: of trust departments, the legislative history of the statutory commission system, the higher standard of diligence imposed upon corporate trustees and advanced other arguments in support of the use of the reasonable compensation fee schedule as the only factor to be considered by the court in determining reasonable commissions for the corporate trustee. No information was provided about the investments, management or administration of the trust for which commissions are sought.
When the Legislature adopted SCPA 2312 to provide for commissions of corporate trustees, it did not intend to abdicate to corporate trustees its power to review and establish commissions for corporate trustees. A new legislative standard was adopted. It was one of reasonableness.
In order to determine the reasonableness of commissions of a corporate trustee for a specific trust, the petitioner must furnish detailed information about the trust, the actions of the *583 trustee, and the administration of the particular trust. Without information, the factors enumerated earlier relevant to reasonableness cannot be employed and the court is without the necessary evidence to determine reasonable commissions. The reasonableness of commissions is dependant upon the singular facts of each trust. Reasonable commissions for one trust may not be reasonable for another trust of equal size. SCPA 2312 is construed to intend that the commission for corporate trustees be just and reasonable in each case, considered by itself alone. The application of the enumerated factors to the evidence will determine reasonable commissions.
The only evidence in support of the requested commissions of the corporate trustee is the reasonable compensation fee schedule of the corporate trustee. Although afforded the opportunity to submit evidence to substantiate the reasonableness of the commissions, no other evidence was submitted. The burden of proof of a corporate trustee to establish reasonableness of its commissions cannot be met by reliance solely upon a corporate reasonable compensation fee schedule. The court is not bound by the standards which the trustee may employ in computing fees charged private customers. (Fiorito v Jones, 72 Ill 2d 73, 377 NE2d 1019.)
The petitioners did not present sufficient credible evidence to establish that the corporate trustee commissions set forth in the accounts of proceedings and computed by use of the corporate reasonable compensation fee schedule are reasonable commissions within the intent of SCPA 2312. In the absence of sufficient credible evidence about the actions of the corporate trustee, the trust and its administration, the reasonable commissions of the corporate trustee are determined to be amounts equal to the statutory commissions of an individual trustee.
The petitioners are directed to* amend the commission schedules of their accounts of proceedings to reflect commissions to which the corporate trustee is entitled pursuant to SCPA 2312 (4) (a) which provides that the corporate trustee "shall be entitled to receive at least the compensation provided for an individual trustee under subdivisions 1, 2, 5, 6, 7 and 12 of section 2308 and subdivisions 1, 2, 5, 6, 7 and 8 of section 2309, as the case may be”.