■ In the Matter of the Estate of HORTENSE R. McCRANOR, Deceased. DANIEL L. BRIGGS, as Administrator of the Estate of HORTENSE R. McCRANOR, Deceased, et al., Respondents; ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant.—Per Curiam. Appeal from a decree of the Surrogate's Court of Sullivan County (Hanofee, S.), entered April 11, 1990, which, *inter alia,* settled the accounting of petitioner Daniel L. Briggs as administrator of the estate of Hortense R. McCranor.

Decedent died testate, but the beneficiaries and executors named in her will predeceased her. It was also established that she left no surviving heirs at law. Accordingly, petitioner Daniel L. Briggs (hereinafter petitioner), the Sullivan County Treasurer, was appointed administrator, C.T.A. of decedent's estate. Petitioner retained a law firm in the Village of Monticello, Sullivan County, to represent the estate. When petitioner ultimately petitioned for judicial settlement of his estate accounting, respondent, on behalf of the State, to whom the net estate would escheat, filed objections, principally to the request for counsel fees of $21,487.50 plus disbursements. The request was supported by an affidavit of an associate attorney in the law firm retained by petitioner as to her aggregate expenditure of some 143 hours in legal services for the estate. Attached to the affidavit was a 30-page itemization by date, description of service and time expended to the quarter hour.

A hearing on the objections was held before a Referee. At the conclusion of the hearing, the Referee rendered a report consisting of findings of fact and conclusions of law approving the full amount of counsel fees as requested. Respondent appeals from the decree judicially settling petitioner's account which upheld the Referee's determination.

In our view, the Referee committed several errors in approving the fees requested. First, the Referee improperly imposed the burden on respondent to sustain the objections to

the account, whereas it was petitioner's burden at all times to establish that any claimed expenditure was necessary, fair and reasonable *(see, Matter of Lester,* 172 App Div 509, 520; *Matter of Nebenzahl,* 162 Misc 366, 367-368). Additionally, while the Referee in determining an appropriate fee correctly took into account that the firm performing the legal services was of high repute in the locality and was well experienced in estate matters, and that the estate posed some difficulties and complexities because of the apparent absence of heirs at law and the condition in which decedent had left her financial affairs *(see, Matter of Freeman,* 34 NY2d 1, 9), the Referee erred in disregarding the small size of the estate, resulting in an award for legal fees in excess of 25% of the estate assets *(see, Matter of Kaufmann,* 26 AD2d 818, *affd* 23 NY2d 700; *Matter of Martin,* 21 AD2d 646, 647, *affd* 16 NY2d 594; *Matter of Hallock,* 214 App Div 323, 327).

A further factor militates in favor of a reduction of the award for legal services. An examination of the time sheets attached to the affidavit of services reveals that many of the tasks for which remuneration was claimed were executorial or ministerial in nature, for which counsel fees over and above the commissions paid to the administrator of the estate may not be awarded *(see, Matter of Hallock, supra,* at 324; *Matter of Lester, supra,* at 519; *see also, Matter of Gates,* 120 AD2d 890, 892). Executorial duties generally are what "any layman could perform or was capable of performing" *(Matter of Free,* 4 Misc 2d 463, 465; *see, Matter of Hallock, supra).* At the very least, such services cannot be compensated at the same rate as legal services *(see, Matter of Thron,* 139 Misc 2d 1045, 1051).

The Referee apparently recognized that many of the services for which compensation was sought were executorial, but justified approval of payment on the basis that petitioner, as the Sullivan County Treasurer, has no support staff for administering an estate and, therefore, commonly delegates administrative duties to a retained attorney. The fact that a testamentary fiduciary, for whatever logistical reason, is unable to perform the duties of that position does not justify employing an attorney to fulfill his or her function at the expense of the estate *(see, Matter of Smith,* 154 Misc 53, 55). The statutory authorization for appointment of the chief fiscal officer of a county as administrator of an estate expressly provides that such officer is "subject to the same duties and obligations" as any administrator (SCPA 1219). Indeed, the suggestion that a public administrator somehow has a greater authority to delegate duties to an attorney to be compensated from estate

funds has been expressly rejected *(see, Matter of Murray,* 151 Misc 10, 11, *affd* 241 App Div 761).

It follows from the foregoing that the award for counsel fees must be reduced. Taking into account all of the factors set forth in *Matter of Freeman (supra),* we have determined that a fair and reasonable fee for legal services to the estate herein is $12,000. This figure reflects disallowance of the sum of $450 for the preparation of petitioner's application for advance payment of commissions, as conceded in petitioner's brief on appeal. We have also considered respondent's objection to counsel's use of an outside accountant's services to prepare income tax returns, concluding that there were sufficient unusual circumstances here to uphold the Surrogate's discretion in approving this expenditure. We have considered respondent's remaining objections and find them either unpersuasive or de minimis.

Casey, J. P., Weiss, Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the decree is modified, on the law and the facts, without costs, by reducing the sum fixed and allowed for counsel fees to $12,000, plus disbursements of $737.90, and, as so modified, affirmed.