■ In the Matter of the Judicial Settlement of the Second Intermediate Account of CHASE MANHATTAN BANK (Successor by Merger to CHASE LINCOLN FIRST BANK, N.A., Successor in Interest to LINCOLN FIRST BANK OF ROCHESTER, Formerly Known as LINCOLN ROCHESTER TRUST COMPANY), as Trustee of the Trust for the Benefit of BLANCHE D. HUNTER (Who Died December 29, 1972) and MARGARET H. DODGE, under ARTICLE FIFTH of the Will of CHARLES G. DUMONT, Deceased, Respondent. UNIVERSITY OF ROCHESTER et al., Appellants. [893 NYS2d 406]—

Memorandum: In a prior appeal, we reversed that part of a judgment in which Surrogate's Court granted the objections to the superseding account filed by petitioner (trustee) and imposed a surcharge plus interest and commissions based upon its determination that the trustee should have divested itself of a concentration of stock of Eastman Kodak Company on or before January 31, 1974 (*Matter of Chase Manhattan Bank*, 26 AD3d 824, 827-828 [2006], *lv denied* 7 NY3d 824 [2006], rearg denied 7 NY3d 922 [2006]). In the instant appeal, objectants appeal from a subsequent order of the Surrogate granting the petition of the trustee for reimbursement of attorneys' fees, disbursements and expenses associated with its defense to the objections to its superseding account and the appeal from the Surrogate's order imposing the surcharge. In determining the proper amount of reimbursement sought by a trustee for those items, a Surrogate should consider the "time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]). Here, we conclude that the Surrogate properly considered those factors, with the exception of "the amount involved" (*Potts*, 213 App Div at 62). The Surrogate ordered that the trustee was to be reimbursed from the trust for its attorneys' fees, disbursements and expenses in excess of $1.1 million, which constitutes approximately 40% of the corpus of the trust. "If the size of the estate is limited, compensation to a [trustee's attorneys] may be less than what the services would otherwise command" (*Matter of Martin*, 21 AD2d 646, 647 [1964], *affd* 16 NY2d 594 [1965]; *see Matter of Kaufmann*, 26 AD2d 818 [1966], *affd* 23 NY2d 700 [1968]; *Matter of McCranor*, 176 AD2d 1026, 1027 [1991]). We therefore modify the order by reducing the total reimbursement award to the trustee to $350,000 (*see generally McCranor*, 176 AD2d at 1027). Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.