# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

530

CA 15-01043

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION OF HSBC
BANK USA, N.A., TRUSTEE, PETITIONER-RESPONDENT,

MEMORANDUM AND ORDER

FOR THE JUDICIAL SETTLEMENT OF THE INTERMEDIATE
AND FINAL ACCOUNTS AS TRUSTEES OF TRUST BY GRACE M.
KNOX, DATED DECEMBER 26, 1934, GRANTOR, FOR THE
BENEFIT OF GRACIA M. CAMPBELL (FORMERLY KNOWN AS
GRACIA C. FLICKINGER), FOR THE PERIOD FROM AUGUST 15,
1971 TO JUNE 15, 2012.
------------------------------------------------------
GRACIA E. CAMPBELL, CLARISSA VAIDA, AND HEATHER
BYRNE, RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

LAWRENCE J. KONCELIK, JR., EAST HAMPTON, FOR RESPONDENTS-APPELLANTS.

PHILLIPS LYTLE LLP, BUFFALO (AMANDA L. LOWE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered May 5, 2015. The order, among other things, granted petitioner's motion for attorneys' fees and costs and denied respondents' cross motion to disgorge fees.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking attorneys' fees and costs, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for a determination of reasonable attorneys' fees and costs in accordance with the following memorandum: In appeal Nos. 1 through 3, respondents appeal from orders granting petitioners' motion for additional attorneys' fees and costs in connection with their petition in the proceeding underlying appeal No. 3 and their amended petitions in the proceedings underlying appeal Nos. 1 and 2 seeking, inter alia, to approve the final accounts for three trusts and for attorneys' fees and costs related to the administration of those trusts. As a preliminary matter, we note that respondents' contentions related to the nonfinal orders and decrees entered May 27, 2014 are reviewable on their appeals from the final orders granting additional attorneys' fees and costs (*see* CPLR 5501 [a] [1]; *Burke v Crosson*, 85 NY2d 10, 15). In those nonfinal orders and decrees, Supreme Court, inter alia, granted the petition and amended petitions seeking to settle the respective accounts of the three trusts.

Respondents contend that the court erred in granting the petition and amended petitions because the court-ordered deadline to file objections to the petition and amended petitions, i.e., April 30, 2014, was stayed by operation of CPLR 3211 (f) when respondents served by mail on April 29, 2014 a motion to dismiss the petition and amended petitions pursuant to CPLR 3211 (a). That contention is not properly before us, however, because it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985; *see also Sargent v Mammoser*, 117 AD3d 1533, 1534).

Respondents also contend that the award of additional attorneys' fees and costs in excess of $500,000 for 20 months of motion practice is not reasonable. It is well settled that, in determining the proper amount of attorneys' fees and costs, the court "should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts*, 213 App Div 59, 62, *affd* 241 NY 593; *see Matter of Chase Manhattan Bank [University of Rochester]*, 68 AD3d 1670, 1671). Because the court failed to make any findings with respect to those factors, we are unable to review the court's implicit determination that the fees and costs are reasonable (*cf. Chase Manhattan Bank*, 68 AD3d at 1671). We therefore modify the orders in appeal Nos. 1 through 3 by denying those parts of the motion seeking additional attorneys' fees and costs, and we remit the matter to Supreme Court for findings with respect to reasonable additional attorneys' fees sought by petitioners, following a hearing, if necessary (*see Matter of Rose BB.*, 16 AD3d 801, 803).

We have reviewed respondents' remaining contentions and conclude that they are without merit.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court