■ In the Matter of the Judicial Settlement of the Intermediate and Final Accounts of HSBC BANK USA, N.A., and Others, as Trustees of the Trust under Agreement Dated September 16, 1977, CLARISSA L. VAIDA, Formerly Known as CLARISSA L. VIMMERSTEDT, Grantor, for the Benefit of CLARISSA L. VAIDA, Formerly Known as CLARISSA L. VIMMERSTEDT, for the Period September 22, 1977, to September 24, 2011. CLARISSA L. VAIDA, Formerly Known as CLARISSA L. VIMMERSTEDT, Appellant; HSBC BANK USA, N.A., Respondent. (Appeal No. 1.) [57 NYS3d 586]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 22, 2015. The order, among other things, adjudged that petitioner shall be reimbursed for attorneys' fees as well as costs and disbursements.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating those parts of the second ordering paragraph awarding attorneys' fees and costs and disbursements and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The respondent in each of these consolidated appeals established a revocable trust for her respective benefit. Two of the original three trustees for each trust are deceased and petitioner, successor in interest to the third original trustee, filed petitions in September 2011 seeking to approve the account for each trust. Supreme Court granted the respective petitions. Respondents, as limited by their brief, contend, inter alia, that the court erred in approving the attorneys' fees assessed to each trust in the amount of $63,204.12 and costs and disbursements in the amount of $2,705.26. It is undisputed that there are minimal assets

remaining in each of the trusts inasmuch as the bulk of the principal has been distributed to the respective respondents.

"In determining the proper amount of reimbursement sought by a trustee for those items, a [court] should consider the 'time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained' " (*Matter of Chase Manhattan Bank [University of Rochester]*, 68 AD3d 1670, 1671 [2009], quoting *Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]; *see Matter of HSBC Bank USA, N.A. [Campbell]*, 150 AD3d 1661, 1663 [2017]). Because the court failed to make any findings with respect to those factors, we are unable to review the court's implicit determination that the attorneys' fees and costs and disbursements are reasonable (*see HSBC Bank USA, N.A. [Campbell]*, 150 AD3d at 1663). We therefore modify the orders in appeal Nos. 1 and 2 by vacating those parts of the second ordering paragraph awarding attorneys' fees and costs and disbursements, and we remit the matter to Supreme Court for a determination whether those fees and costs and disbursements are reasonable, following a hearing if necessary (*see id.*).

Contrary to respondents' contention, the court properly determined that, to the extent that the respective trusts do not contain sufficient assets to pay the reasonable attorneys' fees and costs and disbursements incurred by the trusts, respondents may be obligated to the respective trusts for those fees and costs and disbursements (*see Matter of White [Green]*, 128 AD3d 1366, 1368 [2015]; *Matter of Dewar*, 62 AD2d 352, 355 [1978]). Contrary to respondents' further contention, the court properly awarded commissions to petitioner at a rate of 1% of the amount of principal paid from each trust (*see* SCPA 2309 [1]), as well as expenses related to respondents' discovery demands (*see id.*). We have considered respondents' remaining contentions and conclude that they are without merit. Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.