Matter of JPMorgan Chase Bank, N.A. (2018 NY Slip Op 00775)





Matter of Jpmorgan Chase Bank, N.A.


2018 NY Slip Op 00775


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND WINSLOW, JJ.


1550CA 17-00579

[*1]THE FINAL ACCOUNT OF JPMORGAN CHASE BANK, N.A., (SUCCESSOR BY CONVERSION TO JPMORGAN CHASE BANK, SUCCESSOR BY MERGER TO THE CHASE MANHATTAN BANK, SUCCESSOR BY MERGER TO THE CHASE MANHATTEN BANK, N.A., SUCCESSOR BY MERGER TO CHASE LINCOLN FIRST BANK, N.A., SUCCESSOR IN INTEREST TO LINCOLN FIRST BANK, N.A.), AS TRUSTEE OF THE TRUST UNDER THE LAST WILL AND TESTAMENT OF LUCY GAIR GILL, DECEASED, FOR THE BENEFIT OF MARY GILL ROBY, ET AL., PETITIONER-RESPONDENT. ELIZABETH LEE ROBY, KATHRYN STARR ROBY JOHNSON AND WILLIAM S. ROBY, III, OBJECTANTS-APPELLANTS.






WILLIAM S. ROBY, III, ROCHESTER, FOR OBJECTANTS-APPELLANTS. 
NIXON PEABODY LLP, ROCHESTER (MEGHAN K. MCGUIRE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a decree of the Surrogate's Court, Monroe County (John M. Owens, S.), entered November 18, 2016. The decree granted the petition seeking judicial settlement of the account and to fix and approve attorneys' fees. 
It is hereby ORDERED that the decree so appealed from is unanimously modified on the law by vacating the award of attorneys' fees, costs and disbursements and as modified the decree is affirmed without costs, and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following memorandum: As set forth in our prior appeal, petitioner trustee filed a petition for judicial settlement and final accounting regarding a trust established for the benefit of Mary Gill Roby, which terminated upon her death (Matter of JPMorgan Chase Bank N.A. [Roby], 122 AD3d 1274 [4th Dept 2014]). After we affirmed the amended order of Surrogate's Court that dismissed the objections (id. at 1275), petitioner sought judicial settlement of the account and to fix and approve attorneys' fees. The Surrogate issued a final decree granting the petition and fixing the attorneys' fees, costs and disbursements for the attorney for petitioner. Objectants now appeal.
Objectants' contention that the Surrogate exceeded his jurisdiction in awarding attorneys' fees is raised for the first time on appeal and is therefore not properly before us (see Matter of Trombley, 137 AD3d 1641, 1643 [4th Dept 2016]). In any event, we conclude that it is without merit. The Surrogate has jurisdiction to award legal fees (see Matter of Stortecky v Mazzone, 85 NY2d 518, 525-526 [1995]). On the prior appeal, we did not impose costs upon objectants (see generally SCPA 2302 [5]; Matter of Wilhelm, 60 AD2d 32, 39 [4th Dept 1977], amended 62 AD2d 1155, 1156 [4th Dept 1978], affd 46 NY2d 947 [1979]). That did not preclude the Surrogate, however, from awarding attorneys' fees to petitioner for work on that appeal pursuant to SCPA 2110 (1) (see Matter of Marsh, 13 Misc 3d 1231[A], 2006 NY Slip Op 52077[U], *3-4 [Sur Ct, Westchester County 2006]; see also Matter of Reimers, 264 NY 62, 64-65 [1934]).
We nevertheless agree with objectants that the Surrogate erred in approving the attorneys' fees, costs and disbursements requested by petitioner without considering the required factors. "It is well settled that, in determining the proper amount of attorneys' fees and costs, the court should consider the time spent, the difficulties involved in the matters in which the services [*2]were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained' " (Matter of HSBC Bank USA, N.A. [Campbell], 150 AD3d 1661, 1663 [4th Dept 2017], quoting Matter of Potts, 213 App Div 59, 62 [4th Dept 1925], affd 241 NY 593 [1925]). Here, the Surrogate failed to make any findings with respect to the Potts factors, and we are therefore unable to review the Surrogate's implicit determination that the attorneys' fees, costs and disbursements are reasonable (see Matter of HSBC Bank USA, N.A. [Vaida], 151 AD3d 1712, 1713 [4th Dept 2017]). We therefore modify the decree by vacating the award of attorneys' fees, costs and disbursements, and we remit the matter to Surrogate's Court for a determination whether those fees, costs and disbursements are reasonable, following a hearing if necessary (see id).
Objectants further contend that the Surrogate did not consider the McDonald factors in awarding commissions to petitioner (see Matter of McDonald, 138 Misc 2d 577, 580 [Sur Ct, Westchester County 1988]). We reject that contention. Those factors are used to determine what are "reasonable" commissions to a trustee pursuant to SCPA 2312 (2). SCPA 2312 (4) (a) provides, however, that a corporate trustee "shall be entitled to receive at least the compensation provided for an individual trustee under," inter alia, SCPA 2309 (1) (emphasis added). Here, the Surrogate awarded the statutory commissions (see SCPA 2309 [1]), and there was therefore no need to address the McDonald factors. We reject the further contention of objectants that they are entitled to disclosure on the issue of commissions.
We have considered objectants' remaining contentions and conclude that they are without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court