Matter of HSBC Bank USA, N.A. (Knox) (2020 NY Slip Op 03368)





Matter of HSBC Bank USA, N.A. (Knox)


2020 NY Slip Op 03368


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1295CA 19-01162

[*1]IN THE MATTER OF THE APPLICATION OF HSBC BANK USA, N.A. TRUSTEE, PETITIONER-APPELLANT-RESPONDENT, FOR THE JUDICIAL SETTLEMENT OF THE INTERMEDIATE AND FINAL ACCOUNTS AS TRUSTEES OF TRUST BY GRACE M. KNOX, DATED DECEMBER 26, 1934, GRANTOR, FOR THE BENEFIT OF GRACIA M. CAMPBELL (FORMERLY KNOWN AS GRACIA C. FLICKINGER), FOR THE PERIOD FROM AUGUST 15, 1971 TO JUNE 15, 2012. (PROCEEDING NO. 1.) 
IN THE MATTER OF THE APPLICATION OF MELISSA C. ENGLAND AND BENJAMIN K. CAMPBELL, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF HAZARD K. CAMPBELL, SR., AND HSBC BANK USA, N.A., CO-TRUSTEES, PETITIONERS-APPELLANTS-RESPONDENTS, FOR THE JUDICIAL SETTLEMENT OF THE INTERMEDIATE ACCOUNT AS TRUSTEES OF TRUST BY MARJORIE KNOX CAMPBELL, DATED DECEMBER 29, 1934, GRANTOR, FOR THE BENEFIT OF HAZARD K. CAMPBELL, SR., MARJORIE K. CAMPBELL AND GRACIA M. CAMPBELL, FOR THE PERIODS FROM DECEMBER 29, 1934 TO NOVEMBER 5, 1972 AND NOVEMBER 5, 1972 TO SEPTEMBER 24, 2011. (PROCEEDING NO. 2.) 
IN THE MATTER OF THE APPLICATION OF MELISSA C. ENGLAND AND BENJAMIN K. CAMPBELL, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF HAZARD K. CAMPBELL, SR., AND HSBC BANK USA, N.A., CO-TRUSTEES, PETITIONERS-APPELLANTS-RESPONDENTS, FOR THE JUDICIAL SETTLEMENT OF THE FIRST
INTERMEDIATE ACCOUNT AS TRUSTEES OF TRUST BY MARJORIE K.C. KLOPP, DATED OCTOBER 11, 1961, GRANTOR, FOR THE BENEFIT OF THE ISSUE OF GRACIA M. CAMPBELL (FORMERLY KNOWN AS GRACIA C. FLICKINGER) FOR THE PERIOD FROM OCTOBER 11, 1961 TO MAY 9, 2012 (PROCEEDING NO. 3.) GRACIA E. CAMPBELL, CLARISSA L. VAIDA AND HEATHER B. BYRNE, RESPONDENTS-RESPONDENTS-APPELLANTS. (APPEAL NO. 2.) 






PHILLIPS LYTLE LLP, BUFFALO (AMANDA L. LOWE OF COUNSEL), FOR PETITIONERS-APPELLANTS-RESPONDENTS. 
[*2]LAWRENCE J. KONCELIK, JR., EAST HAMPTON, FOR RESPONDENTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 4, 2019. The order, inter alia, allocated attorneys' fees and costs among the various trusts. 
It is hereby ORDERED that said appeal is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioners appeal and respondents cross-appeal from an order of Supreme Court that, inter alia, clarified a prior order awarding attorneys' fees to petitioners' counsel and allocated its award of attorneys' fees and costs among the three subject trusts.
Petitioners' appeal must be dismissed. Only an aggrieved party
may appeal from an order (see generally CPLR 5511), and we conclude that it is petitioners' attorneys rather than petitioners themselves who are aggrieved by the court's award of attorneys' fees (see Matter of Gottschen, 256 AD2d 519, 519 [2d Dept 1998]; Matter of Lenk, 218 AD2d 802, 802 [2d Dept 1995]; Matter of Sold, 215 AD2d 566, 566 [2d Dept 1995]). There is no support in the record for petitioners' contention that they will be responsible to pay any portion of the attorneys' fees charged by their attorneys that is not awarded by the court.
With respect to respondents' cross appeal, we conclude that respondents have raised no contention warranting either the elimination of or a reduction in the award of attorneys' fees and costs. We reject respondents' contention that petitioners' attorneys purposefully interfered with settlement efforts in a manner that would warrant forfeiture of their fee (cf. Dagny Mgt. Corp. v Oppenheim & Meltzer, 199 AD2d 711, 711-714 [3d Dept 1993]). We further conclude that our decision in a prior appeal, Matter of HSBC Bank USA, N.A. (Campbell) (150 AD3d 1661, 1663 [4th Dept 2017]), did not preclude the court from addressing attorneys' fees incurred after May 2015. To the extent respondents contend that the court erred in allocating attorneys' fees and costs in excess of $20,000 and $10,000, respectively, in each trust, we conclude that this issue was previously resolved in petitioners' favor (see HSBC Bank USA, N.A., 150 AD3d at 1662). Finally, contrary to respondents' contention, the award of attorneys' fees is not excessive (see generally Matter of Potts, 213 App Div 59, 62 [4th Dept 1925], affd 241 NY 593 [1925]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court