*In re* SUMPTER ESTATE

Docket No. 91256. Submitted February 3, 1987, at Lansing. Decided
February 1, 1988.

Raymond H. Kosinski was named by the Livingston County
Probate Court as one of two personal representatives of the
estate of Charles L. Sumpter, deceased. Alana C. Sumpter,
decedent's wife, petitioned the court to remove Kosinski as a
personal representative. The court, Donald E. Rink, J., found
that Kosinski would not be able to deal with the widow at
arm's length, without animosity and removed him as personal
representative. Richard Sumpter, a beneficiary of the estate,
appealed.

The Court of Appeals *held:*

1. The procedure prescribed in the court rules for removal of
a personal representative of an estate applies only to situations
where the personal representative has done or has failed to do
something that is capable of correction. Where the cause for
removal is such that it cannot be cured, the Revised Probate
Code's prescribed procedure is applicable. The procedure fol-
lowed by the court was proper.

2. Personal animosity and outside litigation between a benefi-
ciary of an estate and the estate's personal representative do
not warrant removal of the personal representative where
there is no showing that they interfere with the administration
of the estate.

Reversed.

1. EXECUTORS AND ADMINISTRATORS — REMOVAL OF PERSONAL REPRE-
SENTATIVES — COURT RULES.

The procedure prescribed in the court rules for removal of a
personal representative of an estate applies only to situations
where the personal representative has done or has failed to do
something that is capable of correction; where the cause for
removal is such that it cannot be cured, the Revised Probate

REFERENCES

Am Jur 2d, Executors and Administrators §§ 102, 109, 116, 122.
Right of appeal from order on application for removal of personal
representative, guardian, or trustee. 37 ALR2d 751.

Code's prescribed procedure is applicable (MCL 700.574; MSA 27.5574; MCR 5.707).

2. EXECUTORS AND ADMINISTRATORS — REMOVAL OF PERSONAL REPRE-SENTATIVES — APPEAL.

An order removing a personal representative may be reversed when there has been an abuse of discretion.

3. EXECUTORS AND ADMINISTRATORS — REMOVAL OF PERSONAL REPRE-SENTATIVES.

Personal animosity and outside litigation between a beneficiary of an estate and the estate's personal representative do not war-rant removal of the personal representative where there is no showing that they interfere with the administration of the estate.

*Ross B. Meretsky, P.C.* (by *David S. Bisgrove*), for Richard Sumpter.

*Brennan & Burns* (by *Theresa M. Brennan*), for Alana C. Sumpter.

*Parker & Miller* (by *T. Gilbert Parker*), for Raymond A. Kosinski.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

BEASLEY, J. Respondent-appellant, Richard Sumpter, a beneficiary of the estate, appeals as of right from an order of the Livingston County Probate Court removing Raymond A. Kosinski, co-personal representative of the Estate of Charles L. Sumpter, deceased, as co-personal representative. Counsel for Raymond A. Kosinski also filed a brief in support of the appeal. On appeal, appellant raises two issues.

First, appellant claims that the probate court committed error requiring reversal in ordering removal of the personal representative without

* Circuit judge, sitting on the Court of Appeals by assignment.

following the procedure in MCR 5.707(B) (2). We do not agree. The procedure followed by the probate judge was proper. MCL 700.574; MSA 27.5574 provides:

> If a fiduciary resides out of this state or, after due notice by the court, neglects to render his account and settle the estate according to law or to perform any order of the court or absconds or otherwise becomes unsuitable or incapable to discharge the trust, the court may remove the fiduciary by an order therefor following hearing, notice of which may be given in any manner provided by supreme court rule. When his personal interests conflict with the interest of the estate, or when another reason exists which the court deems proper, a fiduciary may resign his trust.

Appellant argues that the applicable court rule is MCR 5.707(B)(2), which provides:

> (2) Follow-Up Procedures. When it appears to the court from either a written instrument submitted by an interested party in an estate or a review of court files that there has been a failure to comply with procedures required by law or court rule, or that the estate is not being promptly and properly administered, the court shall proceed as follows:
>
> (a) The court shall notify the fiduciary and each of the sureties for the fiduciary of the nature of the complaint or omission, together with a notice to correct the deficiency or complaint within 28 days; or, in the alternative, to appear before the court or an officer designated by it at a time specified within 28 days for a conference concerning the complaint or omission. The notice must be sent by registered, certified, or ordinary first-class mail to the fiduciary at his or her last known address appearing in the court file. A copy of the notice must also be mailed to the attorney appear-

ing of record for the fiduciary and to each of the fiduciary's sureties.

(b) If a conference is directed, unless a stenographic or electronic record is preserved, a written memorandum setting forth the date of the conference, the parties present, and the steps required to be taken, if any, providing a period not to exceed 28 days to correct the complaint or deficiency, must be prepared and mailed to the fiduciary, the fiduciary's attorney of record, and each of the fiduciary's sureties. The court must review, approve, and sign the memorandum if the conference was conducted by staff designated by it.

(c) For good cause, on application of the fiduciary, the court may extend the time for performance of required duties for a further reasonable period or periods, but any extended period may not exceed 28 days and shall only be extended to a day certain. The total period as extended may not exceed 56 days.

(d) If the fiduciary fails to perform the duties required within the time allowed, the court shall appoint a special fiduciary as provided by subrule (B)(3). If no person is available to act as special fiduciary, the court shall suspend the powers of the dilatory fiduciary until further order of the court, and notify the fiduciary, the fiduciary's attorney of record, if any, each of the fiduciary's sureties, and all interested parties appearing of record at their addresses shown in the court file. This rule does not preclude contempt proceedings as provided by law, or other proceedings provided by this rule.

The order for removal of Raymond Kosinski as personal representative was based on the court's finding that there was a conflict of interest and personal animosity between Raymond Kosinski and Alana Sumpter. MCR 5.707 does not fit such a situation. Rather, it applies to situations where the personal representative has done or failed to do something that is capable of correction. Thus,

the procedure set out in MCR 5.707 gives the personal representative an opportunity to correct the error or omission if he or she wishes to avoid removal. In the within case, if the probate judge was correct, it would have been impossible for the personal representative to cure the conflict of interest or personal animosity. Therefore, in that situation, the notice provisions of MCR 5.707 would serve no purpose. Moreover, the statute providing for removal of a personal representative provides for notice in "any manner provided by supreme court rule." The probate judge was not bound to follow the procedures of MCR 5.707. There were allegations in the petition for removal that Raymond Kosinski had failed to comply with orders of the court to pay certain sums to Alana Sumpter. If the order for removal had been based on Raymond Kosinski's failure to administer the estate as ordered, then MCR 5.707 would be applicable. However, the opinion and order of the probate judge appeared to be based entirely upon Raymond Kosinski's conflict of interest and personal animosity. Therefore, MCR 5.707 did not have to be applied.

We do not see that the procedure followed was improper. MCR 5.102 provides that notice of hearing must be given in "all matters requiring notification of interested parties." This general provision is more easily applied to removal of the personal representative on grounds of a conflict of interest and personal animosity. Appellant does not assert that Raymond Kosinski received no notice of the removal proceedings. Moreover, counsel for Raymond Kosinski appeared at the initial hearing on February 19, 1985, regarding the petition for removal. Raymond Kosinski was represented again at the second hearing on December 3, 1985. Therefore, we would presume that Raymond

Kosinski did receive notice of the hearing on the petition for his removal that would comply with MCR 5.102.

The probate judge did not have to make a ruling on the applicability of MCR 5.707. Findings of fact and conclusions of law are not required when the court rules on a motion.[1] While appellant argues that the judge should have specifically ruled on the applicability of MCR 5.707, we do not find any requirement that he do so.

Second, appellant claims that the probate judge abused his discretion by ordering removal of personal representative Raymond Kosinski. An order removing a personal representative may be reversed when there has been an abuse of discretion.[2] In *In re Gerber Trust,*[3] the beneficiary of a trust tried unsuccessfully to have the trustee removed. The trustee was a bank and the trust assets consisted mostly of Gerber stock. There were some Gerber employees and officials on the bank's trust committee and board of directors. Gerber also maintained some large accounts with the bank. After the bank sold some Gerber stock back to Gerber, one of the beneficiaries brought a claim against the bank and Gerber for violation of federal securities law and Michigan's fiduciary laws. The federal district court dismissed both of plaintiff's claims.

The beneficiary then filed a petition in probate court to have the bank removed as trustee. The petition alleged three grounds for removal. First, the bank was in a continuing conflict of interest because some of its officers and directors were also connected with Gerber. Second, the bank's connec-

[1] MCR 2.517(A)(4).

[2] *In re Humphrey Estate,* 141 Mich App 412, 423; 367 NW2d 873 (1985).

[3] 117 Mich App 1; 323 NW2d 567 (1982).

tion with Gerber constituted a constructive fraud upon the trust. Third, there was a hostile relationship between the bank and the beneficiaries.

The *Gerber* Court said that the conflict of interest claim and the constructive fraud claim were res judicata because both claims had been fully litigated and dismissed in federal court. The claim that hostility had developed between the bank and the beneficiaries was not sufficient to require removal of the bank as trustee. In support of its conclusion, this Court relied on the cases of *Keating v Keating*[4] and *McPherson v Cox.*[5]

In *Keating,* there was personal animosity between the trustee and a beneficiary that interfered with administration of the trust. However, this Court noted in *Gerber* that there was no showing that personal animosity interfered with trust administration. Also, in *McPherson,* the United States Supreme Court observed that hostility does not justify removal of a trustee who seldom has occasion to interact personally with the beneficiary. Although it was not mentioned in *Gerber,* the United States Supreme Court in *McPherson* also said there was no cause for removal of one trustee when there was a second trustee without whom the first trustee could do nothing. Finally, the *Gerber* Court said that the extended litigation in federal court between the trustee and beneficiary was not, by itself, sufficient to warrant removal of the bank as trustee.

In the within case, the probate judge ordered removal of the trustee because of a conflict of interest. Although not expressly relying on the res judicata effect of a circuit court case, he did base his decision on Raymond Kosinski's dual representation of Alana Sumpter and Charles Sumpter in

[4] 182 Iowa 1056; 165 NW 74 (1917).

[5] 96 US 404; 24 L Ed 746 (1878).

connection with an antenuptial agreement. In *Gerber*, the conflict of interest issue had been decided in federal court in favor of the trustee. In contrast, here Raymond Kosinski was found by the Livingston Circuit Court to have breached his duty to Alana Sumpter. However, the issue in circuit court was whether Raymond Kosinski breached his duty to Alana Sumpter in his capacity as her attorney. At the time of the execution of the antenuptial agreement, when Charles L. Sumpter was alive, Raymond Kosinski was not, of course, acting as personal representative. The issue in circuit court was a substantially different issue than that presented by a claim for removal of a personal representative. According to MCL 700.574; MSA 27.5574, the personal representative may be removed if he is unsuitable or incapable of discharging the trust. Raymond Kosinski's actions in relation to the antenuptial agreement, prior to his appointment as personal representative, do not indicate that he is necessarily incapable of administering the estate.

Appellee Alana Sumpter alleges in her brief that Raymond Kosinski has mismanaged the estate in his capacity as personal representative. She points to numerous actions, such as taking attorney fees without the consent of all interested parties, refusing to obey court orders to pay certain sums to her and mishandling a potential sale of the deceased's business. However, the probate judge made no finding that Raymond Kosinski had acted improperly as to these matters. His decision was based entirely on Raymond Kosinski's prior representation as an attorney of both Charles Sumpter and Alana Sumpter. Since there is no finding that Raymond Kosinski in fact mismanaged the estate, he should not have been removed as personal representative.

Another factor considered by the probate judge was the personal animosity between Alana Sumpter and Raymond Kosinski. It was noted that Alana Sumpter was suing Raymond Kosinski for malpractice in connection with the antenuptial agreement. However, in *Gerber,* this Court noted that personal animosity did not warrant removal of the trustee where there was no showing that it interfered with administration of the trust. The mere fact of charging malpractice, standing alone and unproved, cannot be permitted to force removal of a fiduciary.

In the instant case, the petition also alleged improper administration of the estate, but the probate judge's ruling was not so based and he did not find improper administration. Also, as in *Mc-Pherson,* cited in *Gerber,* Raymond Kosinski is not the sole personal representative. Comerica Bank is the co-personal representative and, according to appellant's brief, has complete control over the funds of the estate. Therefore, as in *Gerber,* it is unlikely that Raymond Kosinski would have reason to interact personally with Alana Sumpter on a continuing basis. Moreover, Alana Sumpter is one of four beneficiaries of the estate. There is no indication that Raymond Kosinski has any personal animosity toward the other three beneficiaries. Appellant's argument comes close to saying that a personal representative cannot serve without unanimous consent of the beneficiaries. Litigation between trustee and beneficiary was also an insufficient reason for removal in *Gerber.* We do not believe the malpractice claim was, standing alone, a sufficient ground for removal.

Appellant argues that the probate court's finding that Raymond Kosinski breached his duty to Alana Sumpter was not based on any admissible

testimony. However, the circuit court's judgment and opinion were admitted into evidence, and the probate judge took judicial notice of it. MCL 600.2106; MSA 27A.2106 provides that a copy of any order, judgment or decree of any court of record in this state which is duly authenticated is prima facie evidence of all facts recited therein in any other court of this state. Therefore, it was not error for the probate court to take judicial notice of the circuit court opinion and to accept as true its conclusion that Raymond Kosinski's dual representation of Alana Sumpter and Charles Sumpter was improper.

While this is a close case, we do not believe there were sufficient reasons found by the probate judge for removal of the personal representative. The conflict of interest to which the probate judge referred relates to Raymond Kosinski's prior representation of Alana Sumpter before he was appointed personal representative of the estate. There was no indication that any prior violation of the Code of Professional Responsibility by the personal representative rendered him incapable of acting as personal representative. The ruling was not based on any specific acts of misconduct in connection with administering the estate that would render the personal representative incapable or unsuitable to fulfill his duties. Personal animosity between the personal representative and one beneficiary of the estate is an insufficient reason for removal.

For these reasons, we reverse the order of the probate court that removed Raymond A. Kosinski as co-personal representative of the estate of Charles L. Sumpter, deceased.

Reversed.