OPINION OF THE COURT
Evans V. Brewster, S.
In this accounting by the fiduciaries of trusts under article eighth of decedent’s will, the trustees have moved for a reconsideration of the court’s decision of February 5, 1988 (138 Misc 2d 577) which addresses the reasonableness of the commissions requested by the corporate trustee.
The decision noted that SCPA 2312 (2), with respect to commissions of corporate trustees when the principal value of the trust exceeds $400,000, authorized the payment of commissions "as may be reasonable” but did not define or provide guidelines to determine "reasonable commissions”. At the same time, the Legislature memorialized the fundamental right of the court to review "reasonableness of the compensation” (SCPA 2114).
The decision of February 5, 1988 followed decisions in other jurisdictions having legislation providing reasonable compen *50 sation of fiduciaries which hold that the compensation of a corporate trustee depends upon the extent and character of the labor and responsibility involved during the trustee’s administration of the trust (see, In re Strickler’s Estate, 354 Pa 276, 47 A2d 134) and must be reasonable in relation to the circumstances and the services actually rendered (see, Hayward v Plant, 98 Conn 374, 119 A 341; In re Ischy Trust, 490 Pa 71, 415 A2d 37; Rogers v Belt, 317 Ill App 81, 45 NE2d 511). The decision thereupon set forth the principles to be examined in determining reasonable compensation and held that the corporate trustee must establish to the satisfaction of the court what fiduciary duties were performed by the trustee in the execution of the trust.
The acts performed by the fiduciary should be set forth with sufficient specificity to enable the court to determine what is reasonable compensation. Guidelines of the factors considered by the court were enumerated as (1) the size of the trust; (2) the responsibility involved; (3) the character of the work involved; (4) the results achieved; (5) the knowledge, skill and judgment required and used; (6) the time and services required; (7) the manner and promptness in performing its duties; (8) any unusual skill or experience of the trustee; (9) the fidelity of the trustee; (10) the amount of risk; (11) the custom in the community for allowances to trustees and (12) any estimate of the trustee of the value of its services. The commission schedules adopted by corporate fiduciaries are not binding on the court and have the least value of all the factors hereinabove enumerated but may be considered by the court.
When the accounting herein was initially filed with the court, a lengthy affidavit of a senior vice-president of the corporate trustee was submitted which set forth various economic reasons why the "reasonable compensation fee schedule” was adopted and argued that the legislative history of the statutory commission system imposed higher standards of diligence on corporate trustees. Absent from the affidavit, however, were virtually all the factors generally considered by the courts to determine what is a fair and proper amount of compensation. The reasonable fee schedule relied upon by the corporate trustee was insufficient. Upon the inadequate evidence provided, the court held that reasonable compensation to which the corporate trustee was entitled are the statutory commissions equal to an individual trustee as provided by SCPA 2312.
"A motion for reargument, addressed to the discretion of *51 the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided (Fosdick v Town of Hempstead, 126 NY 651; American Trading Co. v Fish, 87 Misc 2d 193). Nor does reargument serve to provide a party an opportunity to advance arguments different from those tendered on the original application.” (Foley v Roche, 68 AD2d 558, 567-568.)
Submitted in support of the motion are two affidavits of a senior vice-president of the corporate trustee. One is a 24-page detailed recitation of the management of the Personal Trust and Investment Group of the bank. This affidavit is informative of the experience, skills and training of trust officers and personnel assigned to a trust account; the administrative services performed; the discretionary responsibilities assumed; the property management activities; the Investment Portfolio Management Group activities; the bank’s Common Trust Fund; the Asset Allocation Committee activities; the Trust and Investment Committee duties and responsibilities; the Common Trust Fund Committee function; the Income Tax Department and its activities; the Accounting Group activities; the Securities Processing Group activities; the General Support Services and the Payments Group activities. The affidavit is a thorough and informative narrative about the services provided by the corporate fiduciary to its trust customers. This affidavit does not describe services performed in the management of the trust created in decedent’s will.
The second affidavit also contained general information but did describe many of the management activities undertaken to administer the decedent’s testamentary trust. The affiant acknowledged that no prior affidavit of services was filed but does not offer any explanation for the failure to provide such affidavit.
The movant does not assert that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its decision but relies upon the additional facts with respect to the services of the corporate trustee set forth in the affidavit of its senior vice-president.
The motion to reconsider the written decision of this court dated February 5, 1988 is denied.
The motion recites that the affidavit of the senior vice- *52 president was "submitted by permission of the Surrogate.” Permission was not given to submit additional evidence upon an issue upon which a written decision was rendered. The movants, through their attorneys, were informed only that any appropriate application could be submitted with respect to the decision.
Additional facts and evidence having been submitted which were known or available to the movants at the time of the original submissions to the court, the motion in reality is a motion to renew. No reasonable excuse for the failure to submit the additional facts and evidence at the time of the original consideration by the court has been offered. In the absence of a valid excuse for not including the additional facts and evidence at the earlier date, the motion should be denied (300 W. Realty Co. v City of New York, 99 AD2d 708; Facteau v Cote, 85 AD2d 865; Foley v Roche, supra).
The motion is denied.