COMERICA BANK v CITY OF ADRIAN

Docket Nos. 100686, 106687. Submitted April 4, 1989, at Lansing.
    Decided August 22, 1989. Leave to appeal applied for.

Harriet Kimball Fee executed a will on December 31, 1943, which
    created a residuary trust and directed that the income from
    that trust be used for the purpose of beautifying the public
    parks or properties of the City of Adrian. Comerica Bank
    succeeded the trustee originally appointed in the decedent's
    will and, since 1969, the residuary trust has been in effect. On
    September 12, 1985, Comerica filed its thirty-ninth annual
    account, covering the period from July 1, 1984, to June 30,
    1985. Comerica requested $61,718.37 in administration expen-
    ses, including trustee, attorney, and tax preparation fees. The
    City of Adrian objected to the fiduciary fees of $59,893.37,
    claiming that they were grossly excessive and without founda-
    tion and that Comerica had increased its fiduciary fee substan-
    tially in the last several years without a like increase in
    services provided. The Lenawee County Probate Court, Albert
    J. Neukom, J., held a hearing on the City of Adrian's objection
    to the requested fiduciary fees. Following the hearing, the court
    stated that the issue was whether a trustee may make a claim
    for services based upon a percentage of the corpus and income
    with no time or expense records and then held that fiduciaries'
    fees must be based on what is just and reasonable for the
    services rendered and that time and expense records are cru-
    cial in determining the reasonableness of the compensation.
    Because Comerica had based its fiduciary fee on a fee schedule
    and attempted to justify that fee with reference to eight sug-
    gested criteria rather than with reference to time and effort
    expended as well as expenses incurred on a daily basis, the
    court denied Comerica's requested fee, holding that without
    such evidence it could not determine what just and reasonable
    compensation would be. On September 9, 1987, the City of
    Adrian filed a motion to remove Comerica as trustee because:
    (1) Comerica continued to take monthly fees without the pro-

REFERENCES
Am Jur 2d, Trusts §§ 534 et seq., 611, 652.
See the Index to Annotations under Trusts and Trustees; Wills.

bate court's approval contrary to an order of the court entered on April 24, 1987; (2) the city had to file a motion to compel Comerica to deliver income to the city consistent with that same order; (3) Comerica did not turn over all of the income; (4) Comerica displayed animosity toward the city; (5) Comerica had not filed an annual account for 1986 and 1987; and (6) Comerica had not restored disallowed fees to the trust. Following a hearing, the court found that Comerica's actions showed an intent to administer the trust pursuant to its own rules and in disregard of stipulated-to court orders as well as statutes and court rules and entered an order removing Comerica as trustee. Comerica filed separate appeals from the court's orders denying its requested fee and removing it as trustee. The appeals have been consolidated.

The Court of Appeals *held:*

1. The 1979 Revised Probate Code eliminated the use of fee schedules for certain fiduciaries but did not change the manner in which a testamentary trustee's compensation is determined. A testamentary trustee is allowed a just and reasonable compensation for his services.

2. To the extent that the probate court disallowed Comerica's request for compensation for services provided without time records, the court abused its discretion because it did not consider Comerica's claims as to why such records could not be produced for the particular service performed. Remand is necessary for a new hearing on the reasonableness of Comerica's requested compensation for necessary services performed as a fiduciary.

3. Comerica properly appealed the court's denial of its requested fees to the Court of Appeals. The Court of Appeals therefore acquired jurisdiction as to that issue, but not as to the other issues addressed in the court's order. Comerica was not relieved of its ongoing obligation to seek probate court approval of its fees, to timely file accounts, and to timely serve those accounts on the City of Adrian. The probate court did not abuse its discretion when it removed Comerica as trustee.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. TRUSTS — TESTAMENTARY TRUSTEES — COMPENSATION.

A testamentary trustee is entitled to just and reasonable compensation for his services (MCL 700.809; MSA 27.5809).

2. TRUSTS — TESTAMENTARY TRUSTEES — COMPENSATION.

A testamentary trustee who is seeking compensation in excess of that provided for in the testator's will must file a written

description of services performed or a statement otherwise indicating the basis of his claim for compensation (MCR 5.722).

3. TRUSTS — TESTAMENTARY TRUSTEES — COMPENSATION.

The factors a probate court may consider in determining the reasonableness of a testamentary trustee's proposed fee include: (1) the size of the trust, (2) the responsibility involved, (3) the character of the work involved, (4) the results achieved, (5) the knowledge, skill, and judgment required and used, (6) the time and the services required, (7) the manner and promptness in performing its duties and responsibilities, (8) any unusual skill or experience of the trustee, (9) the fidelity or disloyalty of the trustee, (10) the amount of risk, (11) the custom in the community for allowances, and (12) any estimate of the trustee of the value of his services; the weight to be given any factor and the determination of reasonable compensation is within the probate court's discretion, and a claimant's failure to present records concerning his services is usually weighed against him.

4. TRUSTS — TESTAMENTARY TRUSTEES — COMPENSATION.

A probate court abused its discretion in disallowing a testamentary trustee's request for compensation for services provided without time records where it did not consider the trustee's claims as to why such records could not be produced for the particular service performed.

5. TRUSTS — REMOVAL OF TRUSTEE — APPEAL.

A probate court's decision to remove a trustee will not be reversed absent an abuse of discretion.

6. TRUSTS — PROBATE COURT ORDERS — APPEAL — STAYS.

The Court of Appeals had jurisdiction over a testamentary trustee's appeal of a probate court's order which denied its request for fiduciary fees; the remaining parts of the order, requiring the trustee to seek probate court approval of its fees, to timely file accounts, and to timely serve those accounts on the beneficiary, continued in effect (MCR 5.801[B][3][u], 5.802, 7.208, 7.209).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *J. Bruce Donaldson, Raymond T. Huetteman, Jr.,* and *Terrence E. Haggerty*), for appellant.

*Baker, Durst, Marr, Nelson, Benz & Baldwin* (by *Dane C. Nelson*), for appellee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frederick H. Hoffecker* and *Luis F. Fernandez,* Assistant Attorneys General, for intervenor-appellee.

Amici Curiae:

*Warner, Norcross & Judd* (by *Jeffrey O. Birkhold*), for Michigan Bankers Association.

*Monaghan, Campbell, LoPrete, McDonald & Sogge* (by *James H. LoPrete*), for the Probate and Estate Planning Section of the State Bar of Michigan.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

PER CURIAM. In Docket No. 100686, appellant, Comerica Bank, appeals as of right from the probate court's denial of its request for fiduciary fees. We reverse and remand for further proceedings. In Docket No. 106687, appellant appeals as of right from the probate court's order granting appellee the City of Adrian's request to remove appellant as decedent's trustee. We affirm.

Decedent Harriet Kimball Fee executed a will on December 31, 1943, which created a residuary trust and directed that the income from that trust be used for the purpose of beautifying appellee's public parks or properties. See *Detroit Wabeek Bank & Trust Co v Adrian,* 349 Mich 136; 84 NW2d 441 (1957). Comerica succeeded the trustee originally appointed in decedent's will and, since 1969, the residuary trust has been in effect.

On September 12, 1985, Comerica filed its thirty-ninth annual account, covering July 1, 1984, through June 30, 1985. At that time, the principal balance carried over from the previous year was

$2,732,952.95. The trust also received $91,500 in dividends, $241,961.47 in interest, and $164,737.16 in capital gains. Comerica disbursed $175,000 to appellee, paid capital losses of $630 and paid interest of $403.53. Comerica also requested $61,718.37 in administration expenses, including trustee, attorney, and tax preparation fees.

Comerica attached the following to its account:

### STATEMENT OF TRUSTEE FEES

The amount of the Trustee's compensation is in the opinion of Petitioner just and reasonable because during the period covered by this account the Trustee's active management of the account included, but was not limited to: the collection of dividends and interest, disbursement of funds, counseling with the beneficiaries and generally acting in the best interest of the account and those interested therein. Also involved were the timely investments and reinvestment of surplus cash and income producing cash equivalent investments, individual and computer portfolio supervision and execution of stock and bond transactions incident to the investment management of securities in the portfolio.

### STATEMENT OF ATTORNEY FEES

The attorney fees shown in this account were for legal services rendered during the accounting year and included but were not limited to assistance in preparation of annual accounting, preparing all probate documents and carrying out all legal requirements in connection with the accounting and correspondence and conferences related thereto.

Legal services during the accounting year consisted of monitoring the use of funds from the Trust by the City of Adrian and included but was not limited to correspondence with the trustee and the City of Adrian regarding beautification projects of the City of Adrian, reviewing all requests

from the City of Adrian on projects, examination of the City of Adrian budget, meetings and telephone conferences with City officials and the Trustee in connection with the allocation of trust funds, inspecting beautification projects of the City of Adrian with and on behalf of the Trustee, examination of the annual accounting of the City of Adrian regarding use of trust funds and other miscellaneous services regarding trust affairs.

On September 27, 1985, appellee objected to the account. Appellee did not object to attorney fees of $1,825, but did object to fiduciary fees of $59,893.37. Appellee claimed that the fiduciary fees were grossly excessive and without foundation (i.e., appellee claimed that its ability to challenge the fiduciary fees was impaired by Comerica's failure to provide time records). Appellee also claimed that Comerica had increased its fiduciary fee substantially in the last several years without a like increase in services provided.

On January 22, 1986, Comerica filed its answers to appellee's objections. Comerica claimed that its fees were very fair when considered in light of its management services, duties, and responsibilities. Comerica also claimed that its fee was consistent with the fees charged by other corporate trustees providing similar services. Comerica admitted that its account did not provide time records, but that many other factors were considered by it and other corporate trustees when billing for services rendered. Comerica also conceded that its fiduciary fee had increased over the last several years, but claimed that, with the increasing trust principal, additional duties and responsibilities followed.

Subsequently, Comerica agreed to furnish appellee with documentation explaining the fees charged. Therein, Comerica noted that it had determined its fee by applying the following formula:

$\%_0$ of 1 percent of the fair market value of the assets, plus 7 percent of the income collected, plus a $400 annual account maintenance fee, effective January 1, 1984, with an increase of $\frac{1}{10}$ of 1 percent of the fair market value effective March 15, 1985. This fee included a $200 tax preparation charge.

Comerica also noted that the probate court had earlier held that it was Comerica's duty to ensure that the trust income was used properly. As a result, Comerica's employees met and communicated with appellee's personnel on numerous occasions.

Additionally, Comerica noted its transactions concerning the trust's stock. Finally, Comerica noted the expertise required to administer such a trust and the resultant duties and responsibilities.

In answer to appellee's interrogatories, Comerica admitted that no time or expense records were kept for this trust or similar trusts and that it had collected its fee at intervals prior to the approval of the probate court, noting that its prior accounts were always approved.

On March 10, 1987, the probate court held a hearing on appellee's objection to Comerica's requested fiduciary fees. At the hearing, David Wind, a Comerica vice-president and trust officer, testified. Wind was in charge of between two hundred and four hundred personal trust accounts and supervised two junior officers who handled four hundred accounts.

Comerica oversees five thousand trust accounts. Comerica is divided into several divisions. There are five subdivisions in the trust department: (1) trust investment, (2) personal trust, (3) employee benefit, (4) trust internal service, and (5) Michigan trust services/trust planning. The personal trust subdivision received services and information from

various other subdivisions, including check processing, human resources, marketing, and legal services. The personal trust division was itself subdivided to include personal services, primary trust, investment management, estate settlement, and business development.

Wind worked in personal service and had direct contact with appellee's personnel. Wind hired attorney Robert Bartlow to monitor appellee's use of trust funds. Under a prior court decision, Comerica was required to monitor appellee's activities to ensure that the trust's purpose was being achieved. Wind and Bartlow met with the city administrator and parks director each spring and fall. In the spring, appellee's personnel would prepare budget proposals for the following fiscal year. Wind would review the proposed budgets. In the fall, the proposed budget was compared with the actual spending in the prior fiscal year. Wind would review appellee's report.

John Kearns, vice-president of Comerica's trust investment department, was assigned to this trust and was in charge of investment decisions. Wind and Kearns met regularly concerning this trust and Comerica's trust committee formally reviewed the trust once each year. Kearns also generated memoranda for Wind to review. These were contained in Comerica's file. Kearns dealt directly with the company whose stock was a major asset of the trust. Kearns also reviewed reports from other sources concerning that company's business. Kearns also reviewed information from Comerica's own economist.

After the stock went public, Comerica engaged in some diversification activity. An investment diary sheet provided a brief summary of dates and events concerning the management of this trust.

Wind agreed that Comerica's fiduciary fee was

determined by the above-discussed formula. That formula was applied to a majority of similar funds.

When Comerica attempted to introduce evidence that it had essentially used the same formula to calculate fiduciary fees for purposes of prior accountings, appellee objected, claiming such evidence was not relevant. Comerica claimed that the evidence was relevant because it was related to the issue of reasonableness in that the formula was related to the size of the trust and the income generated and, therefore, if either factor changed, Comerica's fee would rise and fall consistently therewith.

Appellee noted that in the year the trust's value decreased, Comerica raised its fee $4,000. Moreover, appellee noted that it was challenging the reasonableness of charging fiduciary fees pursuant to such a formula. Appellee also noted that it learned of the fee structure two years earlier when it inquired about the rapid increases it noticed in the requested fiduciary fees. Finally, appellee noted that it had not received notice of the increase which was effective on March 15, 1985. The court limited Comerica to testimony regarding its fee for the thirty-ninth annual account.

The court then suggested that the real issue was whether Comerica could determine fiduciary fees by reference to a fee schedule. The parties agreed to argue that issue.

Comerica began by noting that, under the Revised Probate Code, a fiduciary was entitled to just and reasonable compensation for services provided. MCL 700.541; MSA 27.5541. Citing *In re Baird Estate,* 137 Mich App 634, 637; 357 NW2d 912 (1984), Comerica noted that the Revised Probate Code applied the same standard as the previous statute. However, Comerica noted that no court had delineated the factors to be used in determin-

ing just and reasonable compensation. Synthesizing criteria from Bogert, Trusts & Trustees (2d rev ed), § 977, pp 154-161; 3 Scott, Trusts (3d ed), § 242, pp 2109-2112; and 1 Restatement Trusts, 2d, § 242, comment b, pp 605-606, Comerica suggested the following factors be used to determine just and reasonable compensation: (1) the size of the estate, (2) the responsibility and risk, (3) the skill, knowledge, and experience required of and used by the fiduciary, (4) the character of the work, (5) the services performed, (6) the special problems or difficulties encountered by the fiduciary, (7) the results achieved, and (8) the customary fees charged by trust companies and banks. Comerica argued that the customary fee charged was not the sole factor to be considered, but should be a primary factor where a corporate fiduciary is involved because of the expertise and extent of services provided.

Appellee responded that, in effect, there was no competition when Comerica and trustees of like estates could not be removed except for cause. Appellee did not object to the court's considering Comerica's expertise or other objective factors in determining just and reasonable compensation, but claimed that a fee schedule should not be used. Appellee further added that where Comerica could show similar charges for similar trusts, such information could be considered.

The guardian ad litem in this case indicated that the primary emphasis should be on time spent.

Comerica again conceded that it did not keep time or expense records and added that it was not practical to do so given the number of employees having a direct or indirect contact with the trust.

The probate court allowed Comerica to make an offer of proof as to further evidence it would

produce. Comerica planned to offer Mr. Kearns' testimony about investment services performed and his expertise. Comerica also planned to call two expert witnesses who would testify that its proposed fee was just and reasonable given the eight above-discussed factors and that its proposed fee was similar to that charged by other institutions.

The probate court then issued a written opinion, stating the issue: "May a trustee make a claim for services based upon a percentage of the corpus and income with no time or expense records?" The probate court began by noting that the burden of proof was on the person claiming compensation and that he must satisfy the court that the services rendered were necessary and that the charges for those services were reasonable. *In re Baird Estate, supra.* See also MCR 5.722(B)(4). Moreover, the claimant's failure to present records concerning his services is usually weighed against him. *Id.* Citing *In re Thacker Estate,* 137 Mich App 253, 260; 358 NW2d 342 (1984), the probate court then held that the 1979 RPC changed the manner in which fiduciaries were allowed to charge for their services from a fee determined by a statutory formula to a determination of whether a fee was just and reasonable. Relying on *In re Thacker Estate, supra,* and *In re Kiebler Estate,* 131 Mich App 441, 444; 345 NW2d 713 (1984), lv den 419 Mich 935 (1984), the probate court then held that the 1979 RPC made time and expense records crucial in determining the reasonableness of the compensation. Because Comerica had based its fiduciary fee on a fee schedule and attempted to justify that fee with reference to its suggested eight criteria rather than with reference to time and effort expended as well as expenses incurred on a daily basis, the probate court denied Comeri-

ca's requested fee, holding that without such evidence it could not determine what just and reasonable compensation would be. The probate court offered Comerica the opportunity to reopen the proofs to allow additional testimony on the time, effort, and expenses incurred.

On April 8, 1987, appellee made a motion for entry of an order consistent with the probate court's opinion. Comerica then moved for a further hearing or the opportunity to permit a further offer of proof. At the hearing on the motions, Comerica conceded that the order should be entered and noted that, even if the probate court considered its further offer of proof, the court would find it insufficient because it did not indicate time expended.

On appeal, Comerica first claims that the probate court erred when it held that the 1979 RPC changed the manner in which a testamentary trustee's compensation was determined. While we agree with the probate court that the 1979 RPC did eliminate fee schedules for certain fiduciaries, we agree with Comerica and appellee that it did not change the manner in which a testamentary trustee's compensation was determined. MCL 704.33; MSA 27.3178(284), like MCL 700.541; MSA 27.5541, allowed a testamentary trustee "just and reasonable" compensation for his services. See also MCL 700.809; MSA 27.5809.

Comerica next claims that the trial court erred when it held that a trustee's failure to provide time records was fatal. As discussed above, a trustee is entitled to just and reasonable compensation for services rendered. MCL 700.541; MSA 27.5541. Unless the trustee is seeking only the compensation provided for in the testator's will, he must file a written description of services performed or a statement otherwise indicating the

basis of his claim for compensation. MCR 5.722. Hence, the court must determine the reasonable value of the services provided. *In re Baird Estate, supra,* p 638.

In *In the Matter of Will of McDonald,* 138 Misc 2d 577; 525 NYS2d 503 (1988), reconsideration den 140 Misc 2d 49; 530 NYS2d 453 (1988), a New York court noted that courts have used the following factors to determine the reasonableness of a testamentary trustee's proposed fee: (1) the size of the trust, (2) the responsibility involved, (3) the character of the work involved, (4) the results achieved, (5) the knowledge, skill, and judgment required and used, (6) the time and the services required, (7) the manner and promptness in performing its duties and responsibilities, (8) any unusual skill or experience of the trustee, (9) the fidelity or disloyalty of the trustee, (10) the amount of risk, (11) the custom in the community for allowances, and (12) any estimate of the trustee of the value of his services. The weight to be given any factor and the determination of reasonable compensation is within the probate court's discretion. In this regard, we note that while time spent is one indicator of value, it may be a poor indicator in some circumstances. *In re Baird Estate, supra,* p 637. Naturally, the probate court must consider the circumstances of the case in determining which factors are to be given weight. As always, the burden of proof is on the claimant to satisfy the court that services rendered were necessary and that charges therefor are reasonable. *Id.* Again, a claimant's failure to present records concerning his services is usually weighed against him. *Id.,* p 638.

In this case, Comerica claims that it cannot provide time records for certain services provided given its interrelated corporate structure. To the

extent that the probate court disallowed Comerica's request for compensation for services provided without time records, we believe that the probate court abused its discretion because it did not consider Comerica's claims as to why such records could not be produced for the particular service performed. Moreover, even where such time records could be kept because a Comerica employee is working directly on an estate's file (i.e., tax services or meeting with the city), expert testimony could be admitted as to the amount of time required to perform the service. See, e.g., *In re Irwin Estate,* 162 Mich App 522, 530-531; 413 NW2d 37 (1987). Certainly, however, the claimant's failure to present time records where possible may be considered by the probate court in determining reasonable compensation. *Id.; In re Krueger Estate,* 176 Mich App 241, 251; 438 NW2d 898 (1989); *In re Baird Estate, supra,* p 638. Consequently, even though the probate code does not distinguish between fees to be awarded corporate and individual fiduciaries, the above-discussed factors should be considered with the nature of the fiduciary in mind. Hence, in Docket No. 100686, we remand for a new hearing on the reasonableness of Comerica's requested compensation for necessary services performed as a fiduciary.

We now turn to the issue raised in Docket No. 106687. On April 8, 1987, the same day appellee filed its motion for entry of an order denying Comerica's request for a fiduciary fee, appellee also filed a motion to prevent Comerica from continuing to take monthly fees based on its fee formula and without court authorization. At the same time, appellee filed a motion to have Comerica turn over income from the trust which appellee had previously allowed Comerica to manage. Appellee alleged that Comerica's failure to release

the income was due to appellee's objections to Comerica's requested fee. Appellee attached a memorandum from Bartlow, the attorney hired by Comerica to carry out its monitoring function, to Wind stating in part: "Why not give them a hard time?" Also attached to appellee's motion was a letter Wind wrote to Bartlow on November 10, 1986, which provided in part:

> In summary, my belief is that the Trustee has been more than helpful and conciliatory towards the City of Adrian and their budgetary expenditures of the income they receive without reciprocity and current support and understanding of our position relative to matters surrounding the administration of the Harriet K. Fee trust.

On April 10, 1987, the probate court heard appellee's remaining motions after it granted appellee's motion for entry of an order denying Comerica's requested fee. Appellee's attorney stated that Comerica had stipulated that it would not charge any further fees without the probate court's approval. Comerica's attorney so stipulated on the record. The parties also stipulated regarding the disposition of the income money. All of appellee's motions were disposed of in a single order dated April 24, 1987. An amended order was filed on May 15.

On May 15, Comerica filed a claim of appeal of the April 24 order. Subsequently, Comerica filed an amended claim of appeal regarding the May 15 order.

On September 9, 1987, appellee filed a motion to remove Comerica as trustee because: (1) Comerica continued to take monthly fees without the probate court's approval contrary to the April 24 order; (2) appellee had to file a motion to compel Comerica to deliver income to appellee consistent

with the April 24 order; (3) even so, Comerica did not turn over all of the income; (4) Comerica's animosity toward appellee was apparent in Bartlow's memorandum and Wind's letter; (5) Comerica had not filed an annual account for 1986 and 1987; and (6) Comerica had not restored disallowed fees to the trust.

In fact, a notice of omission was sent to Comerica on September 16, 1986, because it failed to file a fortieth annual account. That account was filed on December 26, 1986, but notice was not sent to appellee. On September 28, 1987, Comerica filed its forty-first annual account. Notice of the filing of both accounts was served on appellee on October 7, 1987.

In response to appellee's motion, Comerica claimed that it could not be removed for violating any provisions of the April 24 order because that order was automatically stayed by its appeal. MCL 600.867(1); MSA 27A.867(1). In any event, Comerica noted that any violations of the order were cured when it restored to the trust fees taken plus interest. Comerica also claimed that the alleged hostile relationship between it and appellee did not constitute good cause for removal, citing *In re Gerber Trust,* 117 Mich App 1, 13-14; 323 NW2d 567 (1982). Finally, Comerica claimed that appellee had unclean hands because it had failed to account for its income as required by the April 24 order.

The court heard appellee's motion on October 22 and November 16. Wind testified that Comerica's legal counsel advised him that the April 24 order was stayed and, therefore, Comerica continued to take its fee on a monthly basis. After receiving appellee's motion, Comerica reviewed the matter and returned all amounts taken for fees plus interest. No further fees were taken. Wind testified that Bartlow was no longer working for Com-

erica on this trust. Wind testified that given Comerica's monitoring function, disagreements between itself and appellee were natural; however, compromises had always been reached. Nonetheless, appellee had recently rebuffed Wind's attempts to meet. Wind also testified that there was no animosity on Comerica's part and that Comerica realized that appellee had the right to question its fees. Wind further testified that there was no reason to file the fortieth and forty-first annual accounts because there was a dispute over the thirty-ninth annual account.

Comerica stipulated that there was no probate court order allowing it to take fees; nonetheless, Wind testified that it was Comerica's custom to take fees on a monthly basis. Wind also conceded that he turned over the accumulated income to appellee on July 14, the day before a hearing was scheduled on the matter, despite appellee's previous written requests. Wind testified that the lack of reciprocity he referred to in his November 10 letter related to general trust administration.

The probate court held that the portion of the April 24 order regarding Comerica's fees was stayed; however, the other motions disposed of in the same order related to ongoing trust administration and were not stayed. Moreover, Comerica's counsel stipulated to the orders on appellee's remaining motions on April 10 and, therefore, would have perpetrated a fraud upon the court by agreeing to proceed in a particular manner concerning ongoing trust administration and then claiming such procedures were stayed by its appeal on the fee issue.

The probate court noted that mere hostility and mere negligence were not sufficient to justify removal of a trustee. Nonetheless, the probate court believed that the November 10 memorandum indi-

cated Comerica's attitude toward appellee and that that hostile attitude would affect its administration of the trust. In addition, the probate court noted that appellee was alleging that: (1) Comerica failed to give appellee the trust income as required by the April 24 order and did so in July only after appellee had filed and scheduled a motion to compel it to do so; (2) Comerica took fees in violation of the April 24 order and returned them to the trust only after appellee filed the motion to remove Comerica as trustee; and (3) Comerica failed to file an annual account timely or to serve the accounts filed on appellee. While the probate court believed that each of these factors considered individually would be insufficient to justify removal, it then held that taken together they showed Comerica's intent to administer the trust pursuant to its own rules and in disregard of stipulated-to court orders as well as statutes and court rules and, therefore, justified removal.

MCL 700.574; MSA 27.5574 provides in part:

> If a fiduciary . . . after due notice by the court, neglects to render his account and settle the estate according to law or to perform any order of the court or absconds or otherwise becomes unsuitable or incapable to discharge the trust, the court may remove the fiduciary by an order therefor following hearing, notice of which may be given in any manner provided by supreme court rule.

A probate court's decision to remove a trustee will not be reversed absent an abuse of discretion. *In re Cain Estate,* 147 Mich App 615, 620; 382 NW2d 829 (1985).

Comerica again claims that its appeal of the single order entered on April 24, which actually contained four separate orders, automatically stayed all those orders. See MCL 600.867 and

700.35; MSA 27A.867 and 27.5035. But see MCR 5.802, 7.208, and 7.209. We believe that Comerica properly appealed the order regarding its fees to this Court. MCR 5.801(B)(3)(u). Hence, this Court acquired jurisdiction as to that order, but not as to the other orders and, therefore, even assuming that the properly appealed order was automatically stayed, we do not believe that the other orders were stayed. In any event, the probate court found that Comerica's action of stipulating to the other orders concerning ongoing trust administration and then claiming those orders were stayed because of the appeal relating to its fees would constitute fraud. We likewise fail to see how Comerica was relieved of its ongoing obligation to seek probate court approval of its fees, to timely file accounts, and to timely serve those accounts on appellee. MCL 700.541, 700.563 and 700.564; MSA 27.5541, 27.5563 and 27.5564. See also MCR 5.722.

Comerica also contends that hostility naturally arose from its monitoring function and, in any event, was insufficient grounds for removal. In this case, the probate court found Comerica's hostility toward appellee would interfere with the administration of the trust. Compare *In re Sumpter Estate,* 166 Mich App 48; 419 NW2d 765 (1988), and *In re Gerber Trust, supra.*

Finally, Comerica claims that it "corrected" its violations of orders by restoring the monies and that this surcharging was the appropriate remedy rather than removal. *In re Cain Estate, supra.* We hold that the probate court did not abuse its discretion when it removed Comerica as trustee.

Hence, in Docket No. 100686 we reverse and remand for further proceedings and in Docket No. 106687 we affirm. We retain no further jurisdiction.