# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PATULSKI Estate.

JOLENE THOMPSON, Personal Representative
for the Estate of MIRIAM PATULSKI,

        Appellee,

v

BRUCE A. PATULSKI,

        Appellant.

UNPUBLISHED
December 11, 2014

Nos. 317275 and 317449
Manistee Probate Court
LC Nos. 12-000052-DE
               12-000152-CZ

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Appellant appeals as of right from the probate court's order revoking a June 1, 2005 will and invalidating a March 4, 2009 codicil, admitting a June 29, 2005 will to probate, and denying appellant's request to adjourn a jury trial. We affirm.

## I. BACKGROUND

This case involves the estate of Miriam Patulski. The present dispute arose when a will dated June 1, 2005, naming appellee, the decedent's daughter, as personal representative, and a codicil dated March 4, 2009, naming appellant, the decedent's son, as personal representative were both offered for probate. Following a petition to appoint a personal representative, the probate court chose West Michigan Bank & Trust to serve as third-party personal representative of the estate pending proceedings to determine the validity of the will and codicil.

Appellee and James Patulski, the parties' brother, filed a complaint against appellant, alleging that he unduly influenced the decedent to deed him several parcels of real property and to sign the March 4, 2009 codicil, illegally withdrew $144,961.08 from the decedent's credit union accounts pursuant to his authority as the decedent's power of attorney, and illegally withdrew $16,272.80 from an account the decedent held with Edward D. Jones. Believing continued third-party representation would exhaust the assets of the estate, appellee and James Patulski petitioned the court to remove West Michigan Bank & Trust as personal representative and appoint appellee as successor personal representative. The court agreed.

-1-

In July 2013, roughly two weeks before trial, appellant requested an adjournment and sought admittance to probate of a will, dated June 29, 2005, that named appellant as the estate's personal representative. After a hearing, the court issued an order revoking the June 1, 2005 will and invalidating the March 4, 2009 codicil, and admitting to probate the June 29, 2005 will. Although the request to adjourn the jury trial was denied, the court later rescheduled trial for late September 2013. Pursuant to the jury's verdict following trial, the probate court issued a judgment voiding four deeds previously assigned to appellant, ordering appellant to reimburse the estate the sum of $434,883.24 for illegally misappropriating and converting estate funds, ordering appellant to return several items of personal property, and awarding attorney's fees to the estate in the sum of $21,036.77.

## II. DISCUSSION

Appellant first argues that the probate court erred in not appointing him personal representative of the estate when it admitted the June 29, 2005 will to probate. We disagree.

We review the court's decision regarding the appointment of a personal representative for an abuse of discretion. *In re Kramek Estate*, 268 Mich App 565, 576; 710 NW2d 753 (2005). A trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Appellant contends that when the probate court admitted the June 29, 2005 will, it was obligated to appoint him as the estate's personal representative unless it specifically articulated reasons for not doing so predicated on the factors listed in MCL 700.3611. However, MCL 700.3611 only governs removal of a personal representative who is already appointed.

It is MCL 700.3612 that governs the scenario in which the court appoints a personal representative and later discovers a valid will naming an alternative personal representative. MCL 700.3612 states the following:

> Except as otherwise ordered in formal proceedings, the probate of a will after the appointment of a personal representative in intestacy or under a will that is superseded by formal probate of another will . . . *does not terminate the personal representative's appointment*, although the personal representative's powers may be reduced as provided in section 3401.[1] *Termination occurs upon*

---

[1] MCL 700.3401(4) provides as follows:

> Unless a petition in a formal testacy proceeding also requests confirmation of the previous informal appointment, after receipt of notice of the commencement of a formal probate proceeding, a previously appointed personal representative shall refrain from exercising the power to make any further distribution of the estate during the pendency of the formal proceeding. A petitioner who seeks the appointment of a different personal representative in a formal proceeding may also request an order restraining the acting personal

*appointment in informal or formal appointment proceedings of a person entitled to appointment under the later assumption concerning testacy. . . .* [Emphasis added.]

Appellant correctly notes that, as the named personal representative in the June 29, 2005 will, he has statutory priority to become personal representative. MCL 700.3203(1)(a) ("a person nominated by a power conferred in a will" has first priority for appointment as personal representative). Although "[a]ll presumptions are in favor of the person to whom the statute gives preference," *In re Abramovitz's Estate*, 278 Mich 271, 274; 270 NW 294 (1936), the right of a party with statutory preference to be appointed personal representative is secondary to " '[t]he right of those interested to have collection and distribution . . . . If the allowance of the claim to exercise this secondary right would result in defeating the main purpose to be attained, it must be refused," *Id*. at 275, quoting *Ex parte Small*, 69 SC 43; 48 SE 40 (1904).

In this case, appellant's request to remove appellee as personal representative and be appointed in her place came on the eve of a trial set to determine whether appellant unduly influenced the decedent to transfer several parcels of real property into his name and illegally withdrew funds from the decedent's accounts. Because the court had significant reason to question appellant's honesty, trustworthiness, and ability to manage and distribute the estate in a manner most beneficial to the interested parties, the court was within its authority to deny his request for appointment, even upon admitting to probate a will naming him as personal representative. Accordingly, the lower court did not abuse its discretion.[2]

Appellant next argues that with this appeal pending, the probate court was required to stay all proceedings associated with the estate, including the jury trial, and that failure to do so rendered the verdict and resulting judgment void. Again, we disagree.

---

representative from exercising that office's powers and may request the appointment of a special personal representative. In the absence of a request under this subsection or if the request is denied, the commencement of a formal proceeding has no effect on the powers and duties of a previously appointed personal representative other than those relating to distribution.

[2] Moreover,

[w]hen the heirs are in dispute over the property, profess lack of confidence in the honesty of each other, engage in mutual recriminations and accusations of obtaining or attempting material advantage from the estate and are unwilling to agree that an impartial person shall administer the property, the court is justified in holding the nominee of any of them "unsuitable" because his appointment could hardly fail to provoke suspicion, cause dissension and incite probable litigation to the injury of the estate. . . . [*In re Abramovitz's Estate,* 278 Mich at 275-276.]

Because appellant did not properly preserve this issue for appeal, our review is for plain error affecting substantial rights. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 381; 808 NW2d 511 (2011). " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Appellant's argument is predicated on MCL 600.867, MCR 5.802, and Section 13.13 of the *Michigan Probate Benchbook* (ICLE, 2014). MCL 600.867(1) states that "[a]fter an appeal is claimed and notice of the appeal is given at the probate court, all further proceedings *in pursuance of the order*, sentence, or judgment appealed from shall cease until the appeal is determined." (Emphasis added.) MCR 5.802(C) states the following:

> An order removing a fiduciary; appointing a special personal representative or a special fiduciary; granting a new trial or rehearing; granting an allowance to the spouse or children of a decedent; granting permission to sue on a fiduciary's bond; or suspending a fiduciary and appointing a special fiduciary, is not stayed pending appeal unless ordered by the court on motion for good cause.

And § 13.13 of the *Michigan Probate Benchbook* (ICLE, 2014) provides that, absent some inapplicable exceptions, "[i]n all other probate court matters, filing a claim of appeal and giving notice to the probate court stays proceedings *under the order being appealed*, pending disposition of the appeal." (Emphasis added.)

In this case, the order being appealed contained three separate orders or provisions: (1) admitting the June 29, 2005 will to probate; (2) revoking the June 1, 2005 will, and invalidating the March 4, 2009 codicil; and (3) denying appellant's request to adjourn the jury trial, at which the allegations of undue influence, illegal withdrawal of funds, and wrongfully possessed personal property items were to be litigated. In *Comerica Bank v City of Adrian*, 179 Mich App 712, 726; 446 NW2d 553 (1989), the Court addressed a situation in which several motions were "disposed of in a single order dated April 24, 1987." On appeal, the appellant, Comerica Bank, claimed an appeal from the April 24 order, that "actually contained four separate orders, [and] automatically stayed all those orders." *Id.* at 729. However, the Court held that the automatic stay of MCL 600.867 only pertained to one of the four orders subsumed in the April 24 order that was properly appealed under MCR 5.801(B)(3)(u). *Id*. at 730. Because the other three orders could not be appealed under the court rules, the Court concluded it did not have jurisdiction, and the three were not stayed. *Id.* at 729-730.

Under the reasoning of *Comerica Bank*, only those provisions of the July 12, 2013 order relating to admittance and revocation of the decedent's wills and codicil were stayed because they were properly appealed under MCR 5.801(B)(2)(b). The order pertaining to appellant's petition for adjournment was not stayed because it was an interlocutory order that could only be appealed to the circuit court. MCR 5.801(D). Thus, the issues litigated at the jury trial were unrelated to the contested wills and codicil and therefore could not be classified as proceedings "in pursuance of" that part of the order appealed.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens