# STATE OF MICHIGAN

# COURT OF APPEALS

In re ESTATE OF JOSEPH VERGA.

LAWRENCE D. VERGA, JR., Personal
Representative,

        Petitioner-Appellee,

v

JAMES WASWICK, ELIZABETH J. MOSS,
MARY MEDICH, NANCY LOU GOOD, and
DOROTHY MAE CLYMER,

        Respondents-Appellants.

UNPUBLISHED
October 11, 2018

Nos. 340980; 341346
Huron Probate Court
LC No.  13-039469-DA

Before:  JANSEN, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

In these consolidated appeals, appellants appeal as of right (1) an order denying their motion to remove appellee as personal representative of the estate of Joseph Verga and (2) an order reiterating this denial and also denying appellants' motion for summary disposition in which they sought to invalidate a will, power of attorney, and deed.

Joseph Verga (hereinafter "Verga") passed away on June 27, 2013, and appellee was appointed personal representative of his estate on August 5, 2013. Appellants, heirs of Verga, filed a motion to remove appellee as personal representative, arguing that appellee had been reckless and self-serving in administering the estate. Appellants also filed a motion to invalidate Verga's will, appellee's power of attorney, and a deed whereby Verga's home was transferred to appellee upon Verga's death. They alleged that the will and power-of-attorney documents were executed on February 16, 2012, and that Verga was incompetent at this time due to cognitive impairment. Appellants argued that the deed was signed on March 14, 2013, and that Verga was incompetent at that time as well. The trial court denied the motion to invalidate the three documents and instead set the matter for trial. After an evidentiary hearing, the court denied the motion to remove appellee as personal representative.

-1-

Appellants argue that the trial court erred by denying their motion for summary disposition concerning the validity of the will, power of attorney, and deed.[1] We review de novo a trial court's ruling regarding a motion for summary disposition. *Dillard v Schlussel*, 308 Mich App 429, 444; 865 NW2d 648 (2014).

> Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the evidence submitted might permit inferences contrary to the facts as asserted by the movant. When entertaining a summary disposition motion under Subrule (C)(10), the court must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the nonmoving party, and refrain from making credibility determinations or weighing the evidence. [*Id.* at 444-445 (quotation marks and citations omitted).]

MCL 700.3407(1)(c) states that "[a] contestant of a will has the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation." Appellants spend a considerable portion of their appellate brief arguing that they established undue influence. However, appellants *did not raise* the issue of undue influence in the trial court. They themselves acknowledge as much when they argue that the trial court should have "seen fit to re-label [the] contest over disputed documents as an issue of 'undue influence[.]' " We decline to consider this heavily fact-dependent issue that was not raised, developed, and ruled upon in the lower court. *Adam v Sylvan Golf Course*, 197 Mich App 95, 98-99; 494 NW2d 791 (1992).

Appellants also argue that they established that Verga lacked capacity at the time of signing the will,[2] power of attorney, and deed. MCL 700.2501 states:

> (2) An individual has sufficient mental capacity to make a will if all of the following requirements are met:

> (a) The individual has the ability to understand that he or she is providing for the disposition of his or her property after death.

> (b) The individual has the ability to know the nature and extent of his or her property.

> (c) The individual knows the natural objects of his or her bounty.

---

[1] While the motion was not styled as such, the court and parties all agreed to treat the motion as a motion for summary disposition under MCR 2.116(C)(10).

[2] We note that the will was nearly identical to the will prepared several years prior.

(d) The individual has the ability to understand in a reasonable manner the general nature and effect of his or her act in signing the will.[3]

Appellants did produce a physician's affidavit indicating that Verga lacked testamentary capacity because of cognitive impairment. However, appellee produced evidence—specifically, the deposition testimony of the attorney who prepared the will and witnessed the signing of the will and the power of attorney—that Verga was lucid and understanding at the time of the signing. This same attorney witnessed the signing of the deed and testified that Verga did not seem amiss at all mentally and appeared to be competent and understanding at the time. This attorney emphasized, in fact, that Verga was *adamant* about wanting appellee to be deeded the house. Appellants argue that because they provided medical evidence and appellee did not, the trial court was bound to grant their motion. But appellants cite no legal authority that *medical* testimony on behalf of the nonmoving party is necessary to counter a motion for summary disposition such as that filed by appellants. When the evidence is viewed in the light most favorable to the nonmoving party, *Dillard*, 308 Mich App at 445, a genuine issue of material fact is apparent. The trial court did not err by denying appellants' motion.

Appellants also argue that the trial court erred by denying their motion to remove appellee as personal representative of the estate. We review for an abuse of discretion a trial court's decision regarding the removal of a personal representative. See *In re Kramek Estate*, 268 Mich App 565; 710 NW2d 753 (2005); see also, generally, *Comerica Bank v Adrian*, 179 Mich App 712, 729; 446 NW2d 553 (1989). In addition, the parties agree that the trial court's factual findings are to be reviewed for clear error. See *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003).

MCL 700.3611 states:

(2) The court may remove a personal representative under any of the following circumstances:

(a) Removal is in the best interests of the estate.

(b) It is shown that the personal representative or the person who sought the personal representative's appointment intentionally misrepresented material facts in a proceeding leading to the appointment.

(c) The personal representative did any of the following:

(*i*) Disregarded a court order.

(*ii*) Became incapable of discharging the duties of office.

---

[3] Appellants focus on the standard of incompetency regarding wills as opposed to any standards applying to a power of attorney or a deed, implicitly conceding that the "will" standard applies to all three documents.

(*iii*) Mismanaged the estate.

(*iv*) Failed to perform a duty pertaining to the office.

Appellants pose five categories relating to appellee's alleged misdeeds: items missing from Verga's household, improper maintenance of Verga's home, the failure to list the purpose of certain checks on the inventories filed with the court, the issuance of a check from the estate to appellee's father, and the failure to list a $5,622 asset on the inventories. While some errors did occur, we cannot find that they rise to such a level that the trial court abused its discretion by denying appellants' motion.

With regard to items missing from the household, while appellants produced some evidence that items previously in the home were not accounted for, there was no evidence that appellee did anything nefarious to cause these items to go missing. As stated by the trial court, "Nobody has provided this court with any type of linkage that [appellee] himself has done something in regard to that . . . ." With regard to the maintenance of the home, the home was, at the time in question, not an asset of the estate. The court explicitly stated, in its ruling from the bench, that it would address later "the necessary action as it relates to [the home]." As for the checks, appellants object that appellee could not determine for what these checks were written when he was shown the check numbers listed on an estate bank statement. Appellants appear to be arguing that appellee should have listed the purpose for each of these checks on the inventory forms filed with the court. But the inventory forms involved estate *assets*, not debits. Appellee did list estate expenses on the "account of fiduciary" form filed with the court, and this "account of fiduciary" form does not have a section requiring a description for each check issued from the estate bank accounts. From the record before us we find no error with regard to these checks.

There *were* two errors committed by appellee. First, appellee improperly issued a check to his father (Verga's brother) from the estate, given that the heirs in the will were Verga's nieces and nephews; from the hearing testimony it appears that appellee mistakenly believed that his father was supposed to receive this money under the will.[4] However, no objections were issued to the distribution form that listed the father as receiving the check. Under all the circumstances, the error does not persuade us that the trial court abused its discretion by failing to remove appellee as the personal representative. As for the second error, appellee failed to list a $5,622 asset, from an inherited certificate of deposit, on the inventory forms. Appellee admitted the oversight in his hearing testimony. Importantly, the money *was* deposited into the account, and appellants do not argue that appellee wrongfully retained this money. Accordingly, this error, too, fails to persuade us that the trial court abused its discretion by failing to remove appellee as the personal representative. Appellee, who is not an accountant or an attorney, has not performed *perfectly* in his role as personal representative, but the trial court did not err in finding that appellants failed to prove that appellee "mismanage[d]" the estate or undertook other actions requiring his removal.

---

[4] Appellee issued the check for the same amount as the checks issued to the nieces and nephews ($3,074.67).

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens